AARON SAMUELSON, EXECUTOR, ESTATE OF JACOB SAMUELSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6577, 12429.   Promulgated February 17, 1928.

*Myron A. Finke, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

OPINION.

LANSDON: The following issues are presented for determination:
(1) The correct business income for 1920; (2) the basic value for
purposes of computing depreciation in 1919 and 1920 on a rental
property at 49 West 116th Street; (3) the basic value for purposes
of computing depreciation in 1919 on a building at 105 East 119th
Street; (4) the proper deductions for repairs in 1919 and 1920 on
the property at 49 West 116th Street; (5) the proper deduction for

repairs in 1919 on the property at 105 East 119th Street; (6) value at March 1, 1913, of the property at 105 East 119th Street for the purposes of determining gain or loss from the sale thereof in 1920; and (7) the deductibility of New York State income taxes alleged to have been paid in 1920.

Shortly after decedent's death in November, 1921, his business was liquidated and the building vacated, at which time all the books and records were lost or destroyed. During the taxable years his books and accounts were audited monthly by a firm of public accountants. At the close of each year after inventory had been taken, the twelve monthly reports were consolidated into a complete report for the year. The decedent's books and the original audit reports having been lost or destroyed, petitioner offers as the only evidence of business income for 1920 the work sheets of the accountants who examined the books monthly, their summarized statements made from the work sheets, and the office copies of the annual reports. The work sheets were copied direct from the books each month and serve as the basis for all reports, the copies of which are in evidence. These work sheets and office copies of the reports constitute the only evidence available and are therefore now the best evidence. We believe the facts contained in the books are accurately reflected thereby. The business income for the year 1920 was, as claimed by the petitioner, $26,164.04.

The respondent has recomputed depreciation deductions for 1919 and 1920 on the rental property at 49 West 116th Street, and for 1919 on the building at 105 East 119th Street. He claims to have determined the value of the respective properties on March 1, 1913, by considering the March 1, 1913, assessed valuation as representing 91 per cent of the actual market value. In determining gain from the sale in 1920 of property located at 105 East 119th Street, the respondent claims to have used as the value at March 1, 1913, a value determined by considering the assessed valuation on that date as representing 91 per cent of the actual market value. Petitioner claims values at March 1, 1913, in excess of those allowed by the respondent and to establish his claim offers the retrospective appraisal of a real estate dealer. The witness was not familiar with the condition of the properties in 1913. His inspection in 1924 and reference to certain real estate publications constitute the basis for his valuation as of March 1, 1913. On cross-examination he admitted that he could not be certain that the buildings now on the premises were the same as existed in 1913. We do not believe the testimony is of sufficient weight to overcome the determination of the respondent.

However, the values used in computing depreciation and in computing the profit from a sale of the property should be consistent. The petitioner alleges and the respondent admits in his answer that he computed depreciation for the year 1919 on the property at 105 East 119th Street by applying a 3 per cent rate to a value at March 1, 1913, of $28,575. It is also alleged in the petition and admitted by the respondent in his answer that profit from the sale of the same property in 1920 was computed upon a value at March 1, 1913, of $49,450. Both values purport to have been determined by considering the March 1, 1913, assessed valuation as representing 91 per cent of the actual market value. The record discloses nothing by which the inconsistent values may be reconciled. We are of the opinion that depreciation, as well as profit from the sale of the property, should be computed upon a March 1, 1913, value of $28,575.

In his income-tax returns for 1919 and 1920, the deceased deducted $879.30 and $3,483.00, respectively, for repairs on the dwelling at 49 West 116th Street, of which the respondent has disallowed 50 per cent. In his income-tax return for 1919 he deducted $550 for repairs on the building at 105 East 119th Street, which the respondent has wholly disallowed. The petitioner adduced no evidence of the actual amounts expended for such repairs and contends that the amounts in the income-tax returns, as taken from the books and sworn to, is sufficient proof thereof in the absence of any evidence offered by the respondent in support of his arbitrary disallowance of the amounts. It is true, as proved, that the books had been destroyed, but we are not convinced that the petitioner could not have produced other evidence in support of his claim for these deductions on account of repairs. In the absence of evidence, the determination of the respondent as to this issue is approved. *Appeal of Pennant Cafeteria Co.*, 5 B. T. A. 293.

The respondent has disallowed a deduction for New York State income taxes which the petitioner alleges were paid in 1920. In support of his claim petitioner introduced an office copy, belonging to his firm of accountants, of the 1919 New York State income-tax return, showing a tax liability of $599.06. It was not established, however, that the original return was ever filed or that the tax has been paid. The accountant who prepared the return testified that the original was mailed to Jacob Samuelson for filing. Whether or not the return was filed and the tax paid is conjectural. The respondent properly disallowed the deduction. *Elisha Roper* v. *Commissioner*, 7 B. T. A. 1112; *George C. Beidleman* v. *Commissioner*, 7 B. T. A. 899.

*Judgment will be entered on 10 days' notice, under Rule 50.*