## MORRIS COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5620.

Circuit Court of Appeals, Sixth Circuit.
April 7, 1931.

E. J. Brunenkant, of Cleveland, Ohio, for petitioner.

Helen R. Carloss, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, Harvey R. Gamble, C. M. Charest, and Dean P. Kimball, all of Washington, D. C., on the brief), for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

This petition to review the order of the Board of Tax Appeals, fixing the petitioner's income and profits taxes for the years 1919 and 1920, presents three questions:

1. In former years petitioner charged to operating expenses items that should have been charged as capital investment. It sought to have these items restored to its invested capital. The commissioner refused, and on appeal the board affirmed. It appears beyond question that there should have been some such restoration; but the proof is too vague and uncertain to fix the amount. It was within the power of the petitioner to present fairly definite proof, specifying the items and the extent to which each item remained as a capital asset. This was not done; the proof was only that some of the items had some remaining value. A part of the items for which restoration is claimed appears to have been thus erroneously charged to expense by the Cleveland Company, the entire property of which the petitioner later purchased. The petitioner is allowed, in its invested capital, the amount which it paid for the Cleveland property, and would not be entitled to a restoration to correct the earlier erroneous bookkeeping of the Cleveland Company. The only item proved with approximate certainty is that about $7,000, paid for "surface lands," was later charged off to profit and loss. It is perhaps properly inferable from the testimony that in 1920 these lands remained undisposed of, but no proof is given as to how much they had been affected by mining operations, or depreciated in any other way. Surface lands purchased for collateral mining purposes might or might not have had their value exhausted by mining operations or developments. Here, too, petitioner has made no definite proofs, but has left the matter to surmise—which is an insufficient basis.

2. Petitioner bought the Cleveland mines and at the same time bought some capital stock in another mine. The total purchase price was $385,000. It made entries on its books apportioning $60,000 of this price to the capital stock purchase and $225,000 to the Cleveland mine purchase. The capital stock, as an asset, was later wiped out by other book entries, but without any change in the asset valuation of the Cleveland property. Petitioner now seeks to have this figure raised to $385,000, in the computation of its invested capital. Its claim, so far as understood, is that $385,000 was the real price of the mine, and the stock value was really nominal. The proofs fail to establish that conclusion. They leave the matter in confusion and more or less unintelligible. The burden was upon petitioner to show clearly that the larger

sum was the true purchase price of the mine, and it has not successfully carried this burden. The commissioner and the board were right in refusing to approve this claim of addition to invested capital.

3. Petitioner alternatively claims the right to have its invested capital fixed under sections 327 and 328, Revenue Act of 1918 (40 Stat. 1093), because of abnormal conditions. It finds these conditions in the small salaries which it paid its officers and in its abnormally small invested capital, as shown on its books and as brought about by its overconservative bookkeeping, by which it had improperly reduced its capital account. The Board of Tax Appeals, under certain circumstances, has held that these things justify resort to sections 327, 328 (e. g., In re Northwestern Yeast Co., 5 B. T. A. 232). The board in this case finds that the necessary abnormal conditions did not exist, and affirms the commissioner in refusing to make the special assessment.

Passing the question of our jurisdiction to review the board upon this subject [Enameled Co. v. Com'r (C. C. A. 3) 42 F.(2d) 213 —certiorari granted, 51 S. Ct. 89, 75 L. Ed. —], and assuming that the proofs might sometimes make a sufficiently clear case of abnormality to justify reversing the conclusions of the commissioner and the board, we think that in this case they do not. A liberal view of the extent to which invested capital and operating income might be changed by giving effect to petitioner's vague proofs, would not compel, even if it would justify, resort to the extraordinary procedure of sections 327 and 328.

The order of the board is affirmed.