ESTATE OF FLOYD FALESE, DECEASED, JACQUELINE FALESE, EXECUTOR, AND JACQUELINE FALESE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2586–69.   Filed August 28, 1972.

*Jackson L. Boughner*, for the petitioners.
*Lloyd S. Kamps*, for the respondent.

SIMPSON, *Judge:* The respondent determined deficiencies in the Federal income tax of Floyd and Jacqueline Falese of $19,318.68 for

1960, $8.45 for 1963, and $5,455.33 for 1964. Most of the issues have been settled; the issues remaining for decision are whether the petitioners have succeeded in proving that an individual, who is deceased, did not receive an item of $18,296.35 described as "supervisory fees," [1] and, if they have succeeded, whether such item is, nonetheless, taxable to such individual as his distributive share of the income of a partnership.

### FINDINGS OF FACT

Some of the facts were stipulated, and those facts are so found.

Floyd and Jacqueline Falese were husband and wife and maintained their residence at Sleepy Hollow, Ill., at the time they filed their petition in this case. They filed their 1960, 1963, and 1964 joint Federal income tax returns with the district director of internal revenue, Chicago, Ill. Floyd Falese died on March 8, 1970, and on March 31, 1970, Jacqueline Falese was appointed executor of his estate. On motion made and granted, this Court ordered that Jacqueline Falese, in her capacity as executor, be substituted as a petitioner in lieu of Floyd Falese.

At all times here pertinent, Floyd Falese and Marvin E. Affeld were equal partners in a partnership, which was in the business of developing oil properties. The partners acquired oil leases and then sold fractional interests in these leases to investors. In connection with the sales, the investors agreed to furnish funds to the partnership for the drilling of wells and the operation of those wells if oil was found. The profit to the partnership consisted of the excess of amounts received for drilling and operation of wells over the amounts actually expended for those purposes. On its return of income for the period from October 10, 1963, to December 31, 1964, the partnership reported as a deduction from income a disbursement of $36,592.70 for supervisory fees.

None of the $36,592.70 was reported as income by Floyd and Jacqueline Falese, and the financial records of Mr. Falese do not indicate that he received any of the fees.

The respondent, in his notice of deficiency, made several adjustments in the income reported by Mr. and Mrs. Falese for 1964. In one of those adjustments, he increased Mr. Falese's distributive share of partnership income by the amount of $7,992.52. The parties have settled that issue and agreed that Mr. Falese's distributive share of the income should be increased by the amount of $248. In another adjustment, it was stated that:

---

[1] The parties describe the item of $18,296.35 as "supervisory fees," and in the absence of evidence as to the nature of the item, we shall use this terminology.

It is determined that you received income in the amount of $18,296.35 as supervisory fees from the partnership * * * which was not reported on your income tax return. Accordingly, $18,296.35 is included in taxable income under the provisions of section 61 of the Internal Revenue Code of 1954.

### OPINION

In deciding whether $18,296.35 of supervisory fees is includable in the income of Floyd and Jacqueline Falese, we will consider two basic issues: (1) Did Floyd Falese actually receive the $18,296.35; and (2) if he did not receive the $18,296.35, was it nevertheless includable in his income as a portion of his share of the distributive income of the partnership?

The petitioners concede that they have the burden of proving that Floyd Falese did not receive $18,296.35 of supervisory fees. As Mr. Falese could not testify, they have attempted to meet this burden through the testimony of Mr. Falese's former accountant and the introduction into evidence of a schedule of his findings. The accountant testified that he had been Mr. Falese's accountant since 1968, that he had supervised the preparation of Mr. Falese's books and records from 1968 onward, that he was familiar with Mr. Falese's books and records in 1964, and that he knew the person who had prepared the books and records for 1964 and had reason to believe that such person was meticulous in his recordkeeping. He further testified that he had examined the financial records of Mr. Falese back through 1964, that he did not find any item which could have represented supervisory fees received by Mr. Falese, and that he would have found such an item if it had been included in the records. At the conclusion of the accountant's testimony, a schedule of oil and other payments received by Mr. Falese in 1964 was introduced into evidence. This schedule was based on the records of Mr. Falese and prepared by the accountant. Following the introduction of this schedule into evidence, a continuance was granted so that the respondent could examine the records upon which the accountant's testimony and schedule were based.

When the trial was reconvened, the respondent briefly cross-examined the accountant and rested his case. The cross-examination revealed no errors or inconsistencies in the records or other reasons to doubt their completeness. Nor did he introduce any evidence to show that the records were incomplete or that they reflected the receipt of any item which could have represented the fees. Similarly, he did not introduce any evidence which indicated that Mr. Falese received the supervisory fees. In his brief, the respondent virtually abandoned his position on this issue; his only statement regarding it was that "It should be noted that the evidence in the record falls far short of proving" the contention that the fees were not received.

A taxpayer's records are relevant and competent evidence. *Richardson* v. *Commissioner*, 264 F. 2d 400, 403 (C.A. 4, 1959), affirming on this issue a Memorandum Opinion of this Court; *Allen* v. *Commissioner*, 117 F. 2d 364, 368 (C.A. 1, 1941), affirming a Memorandum Opinion of this Court; *Morris Coal Co.*, 15 B.T.A. 322, 328 (1929), affirmed per curiam 48 F. 2d 810 (C.A. 6, 1931) ; see *Doyle* v. *Mitchell Bros. Co.*, 247 U.S. 179, 187 (1918). However, such records are self-serving and subject to challenge and contradiction. *Richardson* v. *Commissioner, supra;* see *Valetti* v. *Commissioner*, 260 F. 2d 185, 188 (C.A. 3, 1958), reversing on another issue 28 T.C. 692 (1957). They are given little weight if they are shown to be incomplete or incredible. *Richardson* v. *Commissioner, supra; Valetti* v. *Commissioner, supra; Paul Masters*, 25 T.C. 1093, 1099 (1956), affd. 243 F. 2d 335 (C.A. 3, 1957) ; *Elsie SoRelle*, 22 T.C. 459, 471 (1954) ; *Louis Halle*, 7 T.C. 245, 250 (1946), affd. 175 F. 2d 500 (C.A. 2, 1949), certiorari denied 338 U.S. 949 (1950) ; see *Estate of Robert Lyons Hague*, 45 B.T.A. 104, 110 (1941), affd. 132 F. 2d 775 (C.A. 2, 1943), certiorari denied 318 U.S. 787 (1943). Similarly, if it is shown that the records were never intended to reflect economic reality, they are given no probative value. *H. W. Wahlert*, 17 T.C. 665, 666 (1951) ; *James William Everhart*, 26 B.T.A. 318 (1932) ; *Luther Elkins*, 12 B.T.A. 1058 (1928).

In the present case, the accountant's testimony and the schedule of payments were based on the records of Floyd Falese. These records have not been challenged or contradicted in any manner. We recognize that the records would reveal the receipt of the payment only if Mr. Falese disclosed such information to the bookkeeper; yet, there is no indication that the records are incomplete, and in fact, there is substantial reason to believe that they are complete. Under these circumstances, we hold that the petitioners have carried their burden of proving that Mr. Falese did not receive any supervisory fees. *Aaron Samuelson, Executor*, 10 B.T.A. 860 (1928).

The second basic issue is whether $18,296.35 of supervisory fees is includable in Mr. Falese's income as a part of his distributive share of the income of the partnership. In resolving this question, we must decide whether the position taken by the respondent at trial constituted a new matter so that he has the burden of proof. At trial, the petitioners proceeded on the understanding that the question to be decided was whether Mr. Falese had actually received $18,296.35 of supervisory fees. The respondent, however, stated that the question was whether the $18,296.35 was a part of Mr. Falese's distributive share of the income of the partnership. The petitioners immediately took exception to this interpretation of the case, and contended that such question was not raised by the notice of deficiency.

The respondent contends that the determination in the notice of deficiency that Mr. Falese received "$18,296.35 as supervisory fees from the partnership" should be interpreted as having raised the question of whether the fees were includable in Mr. Falese's share of distributive income. We reject his contention that the notice raised this question. In the first portion of the notice, the distributive income of the partnership was determined without disallowing the partnership deduction for supervisory fees, and it was stated "that your [Mr. Falese's] distributive share of the partnership income amounts to * * * $31,665.13 in 1964." In a later portion of the notice, it was determined that Mr. Falese "received income in the amount of $18,296.35 as supervisory fees from the partnership," and that such income was taxable to him under section 61. The obvious implication from such a division of the notice is that the use of the term "received" in the later portion of the notice referred to the actual receipt of income and not to distributive share income. Thus, we are not confronted with a vague notice, but rather with a notice which delineates between items of income actually received and those which are includable in Mr. Falese's distributive share.

In this case, the evidence required to disprove the determination in the deficiency notice is different than that required to meet the position taken by the respondent at trial. Indeed, the respondent states in his brief that:

In the case at hand actual possession or actual control by the partner of his share of partnership income is irrelevant to the determination of the taxability of partnership income.

Under these circumstances, we find that the respondent took a new position at trial and hold that he has the burden of proof with respect to such position. See *Service Life Insurance Co.,* v. *United States,* 293 F. 2d 72 (C.A. 8, 1961); *Rozelle McSpadden,* 50 T.C. 478 (1968); *W. H. Weaver,* 25 T.C. 1067 (1956); *Sheldon Tauber,* 24 T.C. 179 (1955); *Constance McCormick, Executrix,* 38 B.T.A. 308 (1938). When the respondent does adopt a new position, the burden of proof shifts to him, and he cannot avoid it by arguing that the petitioner could have been granted a continuance in order to prepare to meet the new issue. Rule 32, Tax Court Rules of Practice.

The respondent has utterly failed to carry his burden of proof. He seems to assume that the $36,592.70 of supervisory fees was paid to Mr. Affeld and relies on Illinois law for the proposition that compensation cannot be paid to a partner for services rendered to the partnership unless the partnership agreement provides for such. Ill. Ann. Stat., ch. 106-1/2, sec. 18(f) (Smith-Hurd 1952). However, the respondent has offered no evidence to support his position. He has not shown that

the alleged payment of supervisory fees was an unallowable deduction by the partnership; he has offered no evidence indicating the reason for such payments; and he has not even offered evidence supporting his assumption that the fees were paid to Mr. Affeld.

Moreover, even if the supervisory fees were paid to Mr. Affeld, it does not follow that Mr. Falese was entitled to share in them. Although the Illinois law provides that compensation is not to be paid to a partner, such provision may be altered by agreement of the partners, and the respondent has not offered the partnership agreement to support his contention that Mr. Falese was entitled to a share of the fees. In the absence of the partnership agreement, the respondent has failed to show that Mr. Falese was entitled to share in the fees.

*Decision will be entered under Rule 50.*