NATHANIEL BROOKS, SR., and MYRTLE BROOKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brooks v. Commissioner
Docket No. 7288-70.
United States Tax Court
T.C. Memo 1975-295; 1975 Tax Ct. Memo LEXIS 83; 34 T.C.M. (CCH) 1287; T.C.M. (RIA) 750295; September 22, 1975, Filed John P. Keegan, for the petitioners. A. A. Simpson, Jr., for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $11,417.97 *85 in the Federal income tax of petitioners for 1968, and an addition to tax of $570.90 under section 6653(a), Internal Revenue Code of 1954, as amended, [1] for that same year. He determined a deficiency of $57,459.14 in the Federal income tax of petitioner Nathaniel Brooks, Sr., for 1969, and additions to tax of $14,364.79, $2,872.96 and $1,838.72 for that same year under sections 6651(a), [2] 6653(a), [3] and 6654(a), [4] respectively. He determined a deficiency of $22,662.54 in the Federal income tax of petitioner Myrtle Brooks for 1969, and additions to tax of $5,658.84, $1,133.13, and $724.12 for that same year under sections 6651(a), 6653(a), and 6654(a), respectively. *86 In lieu of the aforesaid deficiencies and additions to tax determined with respect to 1969, respondent asserted in his answer that petitioners were jointly and severally liable for a deficiency in Federal income tax of $46,089.44 for 1969 and an addition to tax for that same year in the amount of $2,304.47 under section 6653(a). We must decide if petitioners are jointly and severally liable for the deficiencies and additions to tax under section 6653(a) asserted by respondent with respect to 1968 in the statutory notice pertaining to that year, and with respect to 1969 in his answer. FINDINGS OF FACT Certain facts have been stipulated and are so found. Petitioners, husband and wife, filed joint Federal income tax returns for the years in issue with the Internal Revenue Service Center, Austin, Texas. They were residents of New Orleans, Louisiana, when they filed their petition with this Court. Respondent determined that certain items of gross income realized by petitioners in 1968 had not been reported on the joint return which petitioners filed for that year. Because he believed that the collection of the tax owing by reason of those omissions would be jeopardized by delay, *87 respondent made an assessment of $7,306.85, plus interest, against petitioners on June 24, 1970. On August 21, 1970, respondent mailed to petitioners a statutory notice of deficiency in which he asserted a deficiency of $11,417.97 for 1968. He further asserted that the deficiency was due at least in part to negligence and that petitioners were therefore liable for an addition to tax equal to 5 percent of the deficiency. Respondent determined that during 1969 Nathaniel realized certain items of gross income, one-half of which was attributable to Myrtle under the Louisiana community property law. When he made this determination respondent was under the mistaken impression that neither Nathaniel nor Myrtle had filed an income tax return for 1969. On June 24, 1970, respondent made jeopardy assessments of $17,523.28 and $17,160.29, plus interest, against Nathaniel and Myrtle, respectively. In individual statutory notices pertaining to 1969 mailed on August 21, 1970, respondent asserted deficiencies of $57,459.14 and $22,662.54 against Nathaniel and Myrtle, respectively. In each notice he further asserted that the deficiency was due at least in part to negligence and that each petitioner *88 was liable for an addition to tax equal to 5 percent of the deficiency. [5]
Subsequent to his having mailed the statutory notices, respondent learned that petitioners had filed a joint return for 1969. In the answer which he filed in this proceeding, respondent made an affirmative allegation to this effect. Consistent with that allegation, respondent asserted that in lieu of the deficiencies and additions to tax asserted against petitioners in the statutory notices pertaining to 1969 which were mailed on August 21, 1970, petitioners were jointly and severally liable for a deficiency of $46,089.44 and an addition to tax, due to negligence, equal to 5 percent of the deficiency. Additional jeopardy assessments of $4,682.04 and $30,870.63 relating to 1968 and 1969, respectively, were made against petitioners on February 6, 1973. The additional assessment for 1969 related in part to the increased deficiency asserted against Myrtle by respondent in his answer. On February 14, 1973, a notice of these jeopardy assessments was filed with this Court. On March 2, 1973, the *89 jeopardy assessment of $17,160.29 which had been made against Myrtle for the year 1969 on June 24, 1970, was abated in full. Notice of this abatement was filed with this Court on March 16, 1973. At trial no evidence was offered relevant to the issue of whether petitioners, through negligence or otherwise, had failed to report for Federal income tax purposes any items of gross income realized by either of them during the years in issue. OPINION On June 24, 1970, respondent made an assessment of $7,306.85, plus interest, against petitioners with respect to 1968, pursuant to section 6861(a). [6] This assessment was timely under section 6501. [7] Pursuant to section 6861(b), [8] a statutory notice of the deficiency to which the assessment related was mailed within 60 days of the assessment's having been made. Together with the deficiency, an addition to tax under section 6653(a) was asserted in the statutory notice. On February 6, 1973, a second assessment relating to the deficiency and addition to tax determined for 1968 was made pursuant to section 6861(a). This assessment was timely made, the statute of limitations on assessments relating to 1968 having been tolled under section *90 6503(a). [9]
*91 We must decide whether petitioners are jointly and severally liable for the deficiency and addition to tax determined against them with respect to 1968. On all issues of fact relevant to these items petitioners have the burden of proof. Beck Chemical Equipment Corporation,27 T.C. 840, 856 (1957); James S. Reily,53 T.C. 8, 14 (1969). As no evidence pertaining to these items was adduced at trial, respondent's determinations respecting 1968 must be sustained. On June 24, 1970, respondent, acting pursuant to section 6861(a), made separate assessments of $17,523.28 and $17,160.29, plus interest, against Nathaniel and Myrtle, respectively, with respect to 1969. Pursuant to section 6861(b) statutory notices of the deficiencies to which the assessments related were mailed to Nathaniel and Myrtle within 60 days of the date of the assessments. In each statutory notice an addition to tax under section 6653(a) was asserted. In determining the deficiencies and additions to tax asserted with respect to 1969 in the statutory notices sent to Nathaniel and Myrtle, respondent had mistakenly assumed that neither of the petitioners had filed an income tax return *92 for 1969. In fact they had filed a timely joint return for that year. In the answer which he filed in this proceeding respondent made an affirmative allegation to this effect. Consistent with this allegation he reduced the deficiency and addition to tax asserted against Nathaniel; but he increased the deficiency and addition to tax asserted against Myrtle. The increase was asserted against Myrtle because having filed a joint return with Nathaniel, Myrtle made herself liable not merely for tax on the portion of Nathaniel's income attributed to her under the Louisiana community property law, but for tax on all of his income under section 6013(d)(3). [10] Because respondent asserted the increased deficiency and addition to tax against Myrtle in his answer, this Court has the jurisdiction under section 6214(a) [11] to decide if Myrtle is liable for these amounts. *93 On February 3, 1973, an assessment relating in part to the increased deficiency and addition to tax asserted against Myrtle was made pursuant to section 6861(a). The assessment was timely under section 6501(a). Petitioners contend that the assessment was invalid because a statutory notice relating to the increase had at no time been sent to Myrtle. This contention is without merit. For although the increased deficiency was not asserted in the statutory notice sent to Myrtle for 1969, this omission was cured by respondent in his answer pursuant to section 6214(a). Petitioners have the burden of proof on all issues of fact bearing upon the deficiency and addition to tax asserted by respondent in his answer in respect of 1969; except that respondent must prove that petitioners filed a joint return for 1969. Respondent has this burden because an allegation to this effect was the only affirmative allegation which he had to make in his answer in support of the increased deficiency and addition to tax asserted against Myrtle in that pleading. W. Cleve Stokes,22 T.C. 415, 422, 423 (1954); Beck Chemical Equipment Corporation,supra;Estate of Floyd Falese,58 T.C. 895, 899 (1972). *94 Plainly respondent has sustained his burden of proof with respect to 1969. Equally plain is that petitioners have failed to sustain theirs. We therefore hold that petitioners are jointly and severally liable for the deficiency and addition to tax under section 6653(a) which respondent asserted in his answer with respect to 1969. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any [income tax] return * * * there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; ↩
3. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes.--If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. ↩
4. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) Addition to the Tax.--In the case of any underpayment of estimated tax by an individual * * * there shall be added to the tax * * * an amount determined at the rate of 6 percent per annum upon the amount of the underpayment * * * for the period of the underpayment * * *↩
5. Other additions to tax were asserted against both Nathaniel and Myrtle, but respondent has since conceded those additions.↩
6. SEC. 6861. JEOPARDY ASSESSMENTS OF INCOME, ESTATE, AND GIFT TAXES. (a) Authority for Making.--If the Secretary or his delegate believes that the assessment or collection of a deficiency * * * will be jeopardized by delay, he shall * * * immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law) * * * ↩
7. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule.--* * * the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * *. (b) Time Return Deemed Filed. (1) Early Return. * * * [A] return of tax * * * filed before the last day prescribed * * * shall be considered as filed on such last day. ↩
8. SEC. 6861. JEOPARDY ASSESSMENTS OF INCOME, ESTATE, GIFT TAXES. (b) Deficiency Letters.--If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed * * *, then the Secretary or his delegate shall mail a notice * * * within 60 days after the making of the assessment. ↩
9. SEC. 6503. SUSPENSION OF RUNNING OF PERIOD OF LIMITATION. (a) Issuance of Statutory Notice of Deficiency.-- (1) General rule.--The running of the period of limitations provided in section 6501 * * * on the making of assessments * * * shall (after the mailing of a [statutory] notice * * *) be suspended for the period during which the Secretary or his delegate is prohibited from making the assessment [under section 6213(a)] * * *, and for 60 days thereafter. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) Time for Filing Petition and Restriction on Assessment.--Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A * * * shall be made * * * until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day * * * period, * * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *↩
10. SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE. (d) Definitions.--For purposes of this section-- (3) if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several. ↩
11. SEC. 6214. DETERMINATIONS BY TAX COURT. (a) Jurisdiction as to Increase of Deficiency, Additional Amounts, or Additions to the Tax.--The Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, * * * if claim therefor is asserted by the Secretary or his delegate at or before the hearing or a rehearing.↩