GEORGE PAIGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paige v. Commissioner
Docket No. 30313-91
United States Tax Court
T.C. Memo 1994-638; 1994 Tax Ct. Memo LEXIS 653; 68 T.C.M. (CCH) 1531; December 27, 1994, Filed *653 Decision will be entered under Rule 155. George Paige, pro se. For respondent: Monica E. Koch. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1] *654 Respondent determined deficiencies, an addition, and a penalty with regard to petitioner's Federal income taxes as follows: Addition to Tax
Penalty
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6662
1988
$ 2,184
$ 1,638
--
1989
1,036
--
$ 207
With respect to 1988, respondent conceded the addition to tax for fraud and, in the alternative, seeks an addition to tax for negligence under section 6653(a)(1). [2] The remaining issues are: (1) Whether petitioner is entitled to charitable deductions under section 170(a); (2) whether petitioner is entitled to deduct interest expense; (3) whether petitioner is entitled to certain miscellaneous deductions; and (4) whether the underpayments of tax were due to negligence. FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in the Bronx, New York. Petitioner has a high school diploma and completed 3 years of college. During the years at issue, petitioner was employed as an ambulance technician by the New York City Health and Hospitals Corp. (NYCHHC). Petitioner retained Darryl Phipps (Phipps) of P.A.D. Income Tax Service to prepare his 1988 Federal income tax return. Petitioner was one of many employees at NYCHHC for whom Phipps prepared *655 tax returns. Petitioner provided Phipps with his income information, which included Forms W-2 but did not include any receipts for charitable contributions. Petitioner's 1988 Federal income tax return reflects the following Schedule A deductions: Description
Amount
Taxes
$ 2,169
Interest
264
Gifts to charity
7,727
Miscellaneous
665
Attached to the 1988 Federal income tax return were false receipts purporting to substantiate charitable contributions to the Manhattan Holy Tabernacle, the Salvation Army, and Goodwill Industries. On April 29, 1993, Phipps pled guilty to one count of conspiracy to defraud the U.S. Government under 18 U.S.C. section 371, by aiding and assisting in the preparation and filing of over 1,400 false and fraudulent income tax returns during the taxable years 1986, 1987, and 1988. Phipps admitted to submitting, with tax returns that he prepared, false receipts purportedly from charities, including the Manhattan Holy Tabernacle, the Salvation Army, and Goodwill Industries. A representative of CEM Agency, Ltd., prepared petitioner's 1989 Federal income tax return. The return reflects the following Schedule *656 A deductions: Description
Amount
Taxes
$ 2,500
Interest
248
Gifts to charity
2,500
Miscellaneous
1,559
Respondent disallowed all Schedule A items for both years except the deductions for taxes. Since the standard deduction amount was greater than the itemized deduction after the disallowance, respondent determined a deficiency for each year utilizing the standard deduction. OPINION Deductions are a matter of legislative grace, and taxpayers are required to support their claims. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). A taxpayer is required to maintain records sufficient to establish the amount of his income or deductions. Sec. 6001. Petitioner failed to prove that he is entitled to any of the deductions disallowed by respondent. For 1988, petitioner admits that the charitable deductions for purported contributions to the Manhattan Holy Tabernacle, the Salvation Army, and Goodwill Industries were false. At trial, petitioner claimed that he made cash charitable contributions to his church, but he presented no evidence of such contributions. Petitioner engaged an accountant, William Katz (Katz), with respect to the *657 examination of his 1988 return, and Katz apparently submitted to respondent's agent a letter from a Washington Heights Baptist Church pastor attesting to donations made by petitioner. Such letter, however, was not submitted at trial. Petitioner also did not present any evidence relating to interest expense for 1988. In addition, the only evidence concerning miscellaneous deductions for 1988 was a false receipt for uniform purchases submitted to respondent's agent by Katz. For 1989, petitioner presented no documentation of any claimed charitable contributions, interest expense, union dues, tax preparer fees, professional journal cost, or uniform cost. To the extent petitioner presented testimony concerning the claimed deductions, we find that petitioner was not a credible witness. Based on this record, respondent is sustained with respect to the disallowance for both years. Section 6653(a)(1), applicable for 1988, imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence or disregard of rules or regulations. Section 6662, applicable for 1989, imposes an accuracy-related penalty for negligence in the amount *658 of 20 percent of the portion of any underpayment attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). For both of these provisions, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Secs. 6653(a)(3), 6662(c). Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). We find that petitioner was negligent for both years. Petitioner admitted that false receipts were attached to this 1988 return. Petitioner should have realized that he was not entitled to deductions for donations he did not make or expenses he did not incur for 1988 and 1989. Petitioner cannot abdicate his responsibility to accurately report his Federal income tax merely by retaining a professional to prepare his tax returns. "Reliance on professional advice, standing alone, is not an absolute defense to negligence, but rather a factor to be considered." *659 Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on other grounds 501 U.S. 868 (1991). Petitioner was required to sign the returns, declaring that he had examined the returns. At that time, petitioner should have reviewed the returns for their accuracy. A cursory review would have revealed that the returns contained claimed deductions to which petitioner is not entitled. We find in full for respondent. Although negligence was pleaded as an alternative in respondent's answer, the amount was not specifically claimed. Accordingly, a computation of the addition to tax for negligence for 1988 will be required. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent first raised the 1988 addition to tax for negligence in her answer as an alternative to fraud. As the claim for the addition to tax for negligence is a new matter, respondent has the burden of proof. Rule 142(a); Estate of Falese v. Commissioner, 58 T.C. 895, 898-899 (1972); Martin v. Commissioner, T.C. Memo. 1988-461, affd. 887 F.2d 1092↩ (11th Cir. 1989).