T.C. Summary Opinion 2007-181

UNITED STATES TAX COURT

JOHN F. AND SUSAN D. MEYER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8471-06S.                    Filed October 24, 2007.

John F. Meyer and Susan D. Meyer, pro sese.

Joe P. Wilson, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a timely notice of deficiency to petitioners. Initially, respondent determined a $16,079 deficiency in petitioners' 2002 Federal income tax. Respondent reasoned that the expenses claimed on petitioners' Form 1040, U.S. Individual Income Tax Return, were not deductible by them because they were incurred by a corporation and could only be claimed on a Form 1120, U.S. Corporation Income Tax Return. Respondent reduced the deductions claimed on petitioners' Schedule C, Profit or Loss From Business, by $39,257. Prior to trial, respondent filed a Motion for Leave to File an Answer, seeking to correct the amount of the deficiency by decreasing it to $13,410. Respondent represented that the notice of deficiency had failed to disallow the entire amount of petitioners' Schedule C deductions; rather, they should have been reduced by $47,521. Respondent also inconsistently included in petitioners' income $39,529 of Schedule C gross receipts, which triggered self-employment taxes. In his answer, respondent conceded that petitioners did not owe self-employment taxes. The issue for decision is whether petitioners are entitled to deduct the $47,521 in expenses reported on their Schedule C.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition was filed, petitioners resided in Orange, California.

John F. Meyer (petitioner) is an engineer and software developer. Petitioner developed a unique bill payments system (the technology) that involved the application of a bar code to a "billhead that had a 1 in 30 billion to 1 in 300 billion error rate" while "normal bar codes have an error rate of 1 in 2 million or 1 in 20 million."

In October 2001, petitioner and his partner organized Pacific Payment Systems, Inc. (PPS) to be "a sales and marketing company that was going to offer a bill payment service to the unbanked, underserved" in anticipation of a funding commitment. They hired the Duane Morris law firm to form PPS, negotiate deals, and interpret any financing proposals.[1] The first funding commitment fell through. Thereafter, petitioner, on behalf of PPS, submitted a business proposal to the U.S. Postal Service, seeking a sponsorship in 2001 that fell through. A commitment in May 2002 fell through. They did not dissolve PPS, and it subsequently operated as a going concern in 2003, 2004, and 2005.

[1] The contract with the Duane Morris law firm was adopted by PPS by a resolution dated October 26, 2001.

Petitioner was a director and the chief financial officer of PPS, he did not work for any other entity in 2002, and he spent his time developing the technology and organizing PPS. Petitioner assigned his interests in the technology to PPS in 2003, and it was not patented until 2005.

Discussion

## 1. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). But the burden of proof is shifted to the Commissioner when he seeks to raise a "new matter", which is defined as a new assertion that does not simply narrow the issue raised in the deficiency notice and either alters the amount of the original deficiency or requires the presentation of different evidence. See Rule 142(a); Estate of Falese v. Commissioner, 58 T.C. 895, 897-899 (1972); McSpadden v. Commissioner, 50 T.C. 478, 491-492 (1968); Papineau v. Commissioner, 28 T.C. 54, 57 (1957); Tauber v. Commissioner, 24 T.C. 179, 185 (1955). Where the new assertion merely clarifies or develops the original determination's basis without increasing the deficiency amount, the burden of proof does not shift to the Commissioner. See Estate of Abraham v. Commissioner, 408 F.3d 26 (1st Cir. 2005), affg. T.C. Memo. 2004-39; Shea v. Commissioner,

112 T.C. 183 (1999); Wayne Bolt & Nut Co. v. Commissioner, 93 T.C. 500 (1989); Estate of Jayne v. Commissioner, 61 T.C. 744, 748-749 (1974); McSpadden v. Commissioner, supra.

Respondent's new position, which seeks to increase the disallowance of petitioners' Schedule C deductions from $39,527 to $47,521 and to exclude the $39,527 in Schedule C gross receipts on the ground that the items were reportable by PPS, falls in this latter category--it merely clarifies or develops the original determination. The theory in the amended answer is the same as in the notice of deficiency (i.e., the income and deductions were reportable by PPS), it does not increase the deficiency amount, and it does not require the presentation of new evidence. Therefore, the burden is not shifted to respondent.

The burden of proof on factual issues that affect a taxpayer's tax liability may also be shifted to respondent where the "taxpayer introduces credible evidence with respect to * * * such issue." Sec. 7491(a)(1). Petitioner has not alleged that section 7491(a) applies; however, we need not decide whether the burden shifted to respondent pursuant to section 7491(a) because our analysis is based on the record before the Court and not on who bears the burden of proof.

## 2. The Corporation as a Separate Taxable Entity

Petitioner contends that he properly deducted the expenses claimed on his Schedule C because PPS was a mere shell, it had no assets, and he received no benefit from the corporate form or the expenditures he made.

Generally, a corporation is a taxable entity separate from its shareholders.  In Moline Props., Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943), the Supreme Court stated:

> The doctrine of corporate entity fills a useful purpose in business life.  Whether the purpose [is] to gain an advantage under the law of the state of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, so long as that purpose is the equivalent of business activity or is followed by the carrying on of business * * *, the corporation remains a separate taxable entity. [Fn. ref. omitted.]

Consequently, a shareholder is not entitled to a deduction for the payment of corporate expenses.  Deputy v. du Pont, 308 U.S. 488, 494 (1940).  Rather, the corporate expenditures that were not reimbursed constitute capital contributions and increase the cost basis of the shareholder's stock to the extent that they can be substantiated.  See Ward v. Commissioner, 20 T.C. 332, 334 (1953), affd. 224 F.2d 547 (9th Cir. 1955).

The courts have also recognized exceptions to the general rule.  In Moline Props., Inc. v. Commissioner, supra at 439, the Supreme Court also stated that the corporate form may be disregarded when it is determined that the corporation is a sham

or unreal.  And the Court has recognized that if the corporation is merely an empty shell, which has no assets and has not conducted any business activity, then it is not a separate taxable entity.  Blue Flame Gas Co. v. Commissioner, 54 T.C. 584, 599 (1970); see also Barker v. Commissioner, T.C. Memo. 1993-280 (citing Bystry v. United States, 596 F. Supp. 574, 579 (W.D. Wis. 1984) and Blue Flame Gas Co. v. Commissioner, supra).  But a taxpayer's claim that his corporation should be disregarded will be closely scrutinized.  Strong v. Commissioner, 66 T.C. 12, 25 (1976), affd. without published opinion 553 F.2d 94 (2d Cir. 1977).  And a taxpayer's choice to adopt the corporate form because of its advantages also requires the acceptance of its tax disadvantages.  See Burnet v. Commonwealth Improv. Co., 287 U.S. 415 (1932).

Whether a corporation is organized for a business purpose or carries on substantial business activity is determined from the facts and circumstances of each case.  See Strong v. Commissioner, supra at 24-25; Ross Glove v. Commissioner, 60 T.C. 569, 589 (1973; Weigman v. Commissioner, 47 T.C. 596, 605 (1967), affd. per curiam 400 F.2d 584 (9th Cir. 1968); Bystry v. United States, supra at 578.  The Court has stated that the "degree of corporate purpose and activity requiring recognition of the corporation as a separate entity is extremely low."  Strong v. Commissioner, supra at 24.  The determination of whether a

corporation is "doing business is not necessarily dependent on the quantum of business and [the] business activity may be 'minimal.'" Id. (quoting Britt v. United States, 431 F.2d 227, 235, 237 (5th Cir. 1970)).

The Court finds that PPS was in existence, and as such, it is a separate taxable entity for the following reasons: (1) PPS served its organizational purpose in that a potential investor required its formation before he would invest in 2001; (2) it held itself out as actively engaged in business when it submitted a business proposal to the U.S. Postal Service and actively sought other investors in 2001; (3) it adopted a contract with a law firm in 2001 to negotiate and interpret agreements with investors so that it could obtain venture capital; (4) it applied for and received an employer identification number in 2001; (5) it opened a bank account; and (6) the record contains invoices for purchases of machinery and equipment that were issued in PPS's name and dated February 15 and May 15, 30, and 31, 2002, which were paid by company checks or credit cards.

Because petitioners have not proven that any of the $47,521 in Schedule C expenses were paid or incurred by petitioner in his individual capacity rather than by PPS and the Court has determined that PPS was a separate taxable entity, it follows that petitioners are not entitled to deduct the expenses claimed on the Schedule C attached to their 2002 joint Federal income

tax return.  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.