## APPEAL OF PENNANT CAFETERIA CO.

Docket No. 6469.    Decided October 30, 1926.

*William T. S. Curtis, Esq.*, and *Walter E. Barton, Esq.*, for the petitioner.

*Henry Ravenel, Esq.*, for the Commissioner.

STERNHAGEN: The petitioner contests the determination of an aggregate deficiency of $2,558.28 for the years 1921, 1922, and 1923. It alleges in its petition and proves that its books for the years prior to 1922 were all destroyed in a fire which occurred in August 1922. A revenue agent made an investigation of the petitioner's returns and upon his recommendation the Commissioner made certain adjustments upon which the deficiency is founded. The petitioner took the depositions orally of two witnesses, one its secretary, treasurer and manager in whose charge the books of account were kept, and the other a person who prepared the returns for the years in question. From these depositions the petitioner asks the Board to find that the returns were correctly made and in accordance with the books. Upon such a finding the petitioner contends that it is entitled to judgment setting aside the deficiency.

The record contains no evidence upon which we can hold that the Commissioner's determination is in error. Any presumption that the petitioner's returns were correct disappears when the Commissioner after an examination officially and in the manner prescribed by statute determines that they were incorrect and so notifies the taxpayer. Otherwise the proceeding before the Board in which the

taxpayer undertakes to prove the Commissioner's error and Rule 20 of the Board's Rules of Practice would amount to nothing. The very root of every case before the Board is the taxpayer's statutory return under oath. Manifestly he does not prove his case by proving his statutory return.

But it is said that the petitioner here made its return in due course from its books which, it is said, reflected its income, and that when these books were destroyed it was deprived of its evidence and left helpless. This is not necessarily true. However, in the present case we are not convinced of the hardship upon the petitioner. The depositions of the two witnesses leave it far from clear as to whether the books were in fact a true reflection of income, and the categorical statement that they were is not convincing. The petitioner argues that the revenue agent's adjustments were arbitrary and should therefore not be sanctioned by the Board. It calls the Commissioner to task for not calling the examining revenue agent to the stand to explain his adjustments. The revenue agent was present at the taking of the depositions and so far as we are aware he was entirely available to the petitioner to be called as a witness. If through him the petitioner could have proven that the adjustments were arbitrary or otherwise not in accordance with the facts, it might have established the preponderance in its favor. But until it did so in one way or another there was no occasion for the respondent to prove the correctness of his action.

*Judgment will be entered for the Commissioner.*