Ethel A. DOLL, Appellant,

v.

Seldon R. GLENN, Appellee.

No. 12544.

United States Court of Appeals Sixth Circuit.

March 28, 1956.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Ethel A. Doll, sought by this action to recover $6,748.38 which she paid to the appellee as Collector of Internal Revenue on a jeopardy assessment of income taxes for the calendar year 1949. The District Judge heard the case without a jury, made findings of fact and dismissed the complaint, from which ruling this appeal was taken.

The appellant was not engaged in business. Her husband, H. A. Doll, was in the lumber business in Louisville, Kentucky, operating under the name of Doll Lumber Company. In an investigation of Mr. Doll's income tax liability, revenue agents were unable to find any return for the year 1949, and made a jeopardy assessment against him based on bank deposits. They later found that H. A. Doll and the appellant had filed a joint income tax return for 1949, showing gross receipts from dividends, rent and the Doll Lumber Company in the amount of $24,925.09 and a net income of $5,405.76, with resulting tax of $598.56. The agents were unable to find books and records which would show the net income for 1949, and for the purposes of this case it has been stipulated "that all the books and records and cancelled checks of H. A. Doll Company were not available and are not available to the revenue agents for the tax year 1949 and the plaintiff does not know of the whereabouts of said records." Accordingly, the assessment against H. A. Doll was abated and a joint assessment was made against H. A. Doll and the appellant, based on the same bank deposits, but giving credit for the tax reported in the joint return. Appellant paid this assessment, and, following a claim for refund, brought this action in the District Court

to recover the amount of the alleged erroneous assessment.

H. A. Doll used the following three bank accounts: (1) H. A. Doll account in the Security Bank, Louisville, Kentucky; (2) Doll Lumber Company account in the same bank; (3) H. A. Doll account in the Farmers and Depositors Bank, St. Matthews, Kentucky, a suburb of Louisville. In making the assessment the agents used only the H. A. Doll account in the Security Bank. In this account there were eight deposits during the year 1949, totaling $28,556.85. This total was taken as gross income, against which no deductions were credited. The tax liability was then computed on that amount of income, resulting in the deficiency herein involved.

 In the absence of the books and records of the Doll Lumber Company, the Commissioner was justified in treating the deposits in the bank account of H. A. Doll as gross income with the burden resting upon the taxpayer to show what amounts, if any, were non-taxable income and what deductions, if any, should be properly credited against it. Hoefle v. Commissioner, 6 Cir., 114 F.2d 713; Hague Estate v. Commissioner, 2 Cir., 132 F.2d 775, 777–778, certiorari denied 318 U.S. 787, 63 S.Ct. 983, 87 L.Ed. 1154; Goe v. Commissioner, 3 Cir., 198 F.2d 851, certiorari denied 344 U.S. 897, 73 S.Ct. 277, 97 L.Ed. 693; Leonard B. Willits, 36 B.T.A. 294, 297; Reinecke v. Spalding, 280 U.S. 227, 232–233, 50 S.Ct. 96, 74 L.Ed. 385. The fact that the circumstances are such that it is impossible for the taxpayer to meet this burden does not affect the rule. Burnet v. Houston, 283 U.S. 223, 228, 51 S.Ct. 413, 75 L.Ed. 991. The finding by the Commissioner is presumptively correct and the burden rests upon the taxpayer to prove it erroneous. Hord v. Commissioner, 6 Cir., 143 F.2d 73, 75–76; Greenfeld v. Commissioner, 4 Cir., 165 F.2d 318; Lenox Clothes Shops v. Commissioner, 6 Cir., 139 F.2d 56, 59.

In attempting to meet this burden, the appellant contends that one of the eight deposits in the H. A. Doll account at the Security Bank, namely a deposit of $24,-851.75 on April 12, 1949, included $23,-997.42 which was part of the proceeds received from the sale of the Doll Lumber Company, and being a return of capital was non-taxable income. The evidence showed without contradiction that the Doll Lumber Company was sold to purchasers Brown and Brown for $35,-000.00, which sale was consummated on April 12, 1949. Appellant claims that the sale resulted in a capital loss of $831.63 and that the entire proceeds of sale represented a return of capital. No issue was made of this contention. Whether the deposit of April 12, 1949 included $23,997.42 of the proceeds of sale is the question involved in this case. By agreement between the parties this was the only issue presented to the Court. If appellant's contention is sustained by the proof the assessment was erroneous. The District Judge made a finding of fact that the appellant's evidence failed to sustain the contention.

 On the evidence before the Court at that time there is no question about the correctness of the ruling. Although the evidence proved the sale of the Lumber Company for $35,000, it was also shown by the cancelled checks of the purchasers, together with the endorsements thereon, and by the ledger account of H. A. Doll in the Farmers and Depositors Bank, that $31,500 of the purchase price was deposited in the H. A. Doll account in the Farmers and Depositors Bank on April 12, 1949, the day the sale was consummated. It was not deposited in the H. A. Doll account in the Security Bank. No one testified that any part of the $35,000 was included in the $24,851.75 deposit of April 12, 1949 in the H. A. Doll account at the Security Bank. Nor were there any bank records or cancelled checks which showed this to be so. Following the ruling the appellant filed a motion to permit her to file additional exhibits, consisting of duplicate deposit slips and cancelled checks, and asked that the Court, on the basis of this new evidence, amend its findings

of fact and conclusions of law. The District Judge considered the additional exhibits but was of the opinion that they were not sufficient to change the result of the earlier trial, and denied the motion to amend the findings of fact and conclusions of law.

Included in these additional exhibits was the April 12, 1954 deposit slip for the H. A. Doll account at the Security Bank. The total of $24,851.75 includes a check on the Security Bank in the amount of $23,997.42. The ledger account of the Doll Lumber Company in the Security Bank contains a debit entry on April 13, 1954 in the amount of $23,-997.42, which closed out the account. This evidence shows rather conclusively that the April 12th deposit in the H. A. Doll account included a transfer of $23,-997.42 from the Doll Lumber Company account in the same bank. But it does not support appellant's contention that this deposit represented part of the $35,-000.00 proceeds from the sale of the Doll Lumber Company. As shown hereinabove $31,500 of those proceeds were deposited on April 12, 1954 in the H. A. Doll account in the Farmers and Depositors Bank at St. Matthews, Kentucky, not in the Doll Lumber Company account at the Security Bank, from which this $23,997.42 was transferred. The new exhibits did not show that the proceeds of sale were ever transferred to the Doll Lumber Company account. In fact, the documentary evidence is to the contrary.

The H. A. Doll ledger account at the Farmers and Depositors Bank shows that on April 12th there was another deposit of $25,000.00 increasing the total balance on deposit to $70,287.40. Between April 2nd and April 28th, there were only two withdrawals: April 14th —$500.00 and April 15th—$5,000.00. On June 10, 1954 the balance was $61,-851.15, on which day there was a withdrawal of $60,000.00 apparently by a single check. This shows conclusively that most of the proceeds of sale, if not all of them, remained on deposit in the Farmers and Depositors Bank until April 28th, which was approximately two weeks after the April 12th deposit in the Security Bank.

The only transfer of funds from the Farmers and Depositors Bank to the Doll Lumber Company account at the Security Bank shown by the documentary evidence is the $5,000.00 withdrawal of April 15th, above referred to. It is shown by a cancelled check in that amount, dated April 12, 1949, payable to Doll Lumber Company, and credited to the Doll Lumber Company account in the Security Bank on April 13th. This was included in the $23,997.42 check from the Doll Lumber Company to the H. A. Doll account. But it can not be said that this was an indirect transfer to the H. A. Doll account of that much of the proceeds of sale, because from January 21, 1949 through April 11, 1949 the balance in the H. A. Doll account at the Farmers and Depositors Bank stood consistently at $13,787.40 or better. There is nothing to show that this $5,000.00 withdrawal was not from funds on deposit prior to April 12th instead of from the proceeds of the sale after that date.

■ The finding of the District Judge that the April 12th deposit of $24,851.-75 in the H. A. Doll account at the Security Bank did not include any of the proceeds of sale of the Doll Lumber Company, is supported by the evidence, is not clearly erroneous, and must be accepted on this review. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A.

Appellant, nevertheless, stresses the fact that the April 12th deposit was not income because it was merely a transfer of funds from one account to another. This contention would have merit if the deposits in all three bank accounts had been added together to calculate the gross income. Under such circumstances a deposit in one account, later transferred to another account, would be included twice in the total amount. In this case only one account was used. Since the deposits in the other two accounts were not included in the computation of

**190**

gross income, the use of it in the one account is not a duplication. In order to determine whether it was taxable or nontaxable income would require a complete analysis of the Doll Lumber Company account, from which it was transferred. Pursuant to the agreement of the parties, such an issue was not before the Court and evidence pertaining to it was not received.

Appellant offers on this review an analysis of the three bank accounts for the purpose of showing that the total deposits in 1949 in the three accounts, after deducting inter-bank account deposits and deposits of capital proceeds, was approximately the same as the amount of income reported in the 1949 joint income tax return. Apparently, this theory of the case was not presented to the District Judge, and the issue was not litigated in the trial court. Whether it would stand up under challenge we do not know.

■ It is the usual rule that we will not give consideration to issues not raised below. Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. 796; Cold Metal Process Co. v. McLouth Steel Corp., 6 Cir., 170 F.2d 369, 380; Lively v. Elkhorn Coal Co., 6 Cir., 206 F.2d 396. In addition, by agreement between the parties, the issue in this case was limited to the single account of H. A. Doll in the Security Bank. Introduction of evidence by the Government with respect to the other accounts was successfully opposed by the appellant. Both the claim for refund and the complaint in this action are based on the single contention that the total deposits in the H. A. Doll account at the Security Bank, upon which the assessment was based, included capital proceeds from the sale of the Doll Lumber Company. Appellant is precluded in this suit from resting its claim on another ground. Real Estate-Land Title & Trust Co. v. United States, 309 U.S. 13, 17–18, 60 S.Ct. 371, 84 L.Ed. 542.

The judgment is affirmed.