Mathias SCHIRA and Susie Schira, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Mathias SCHIRA, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 12945, 12946.

United States Court of Appeals Sixth Circuit.

Feb. 18, 1957.

Alvin H. Rowe, Cincinnati, Ohio, for petitioners.

Arthur I. Gould, Washington, D. C., Charles K. Rice, Lee A. Jackson, and Harry Baum, Washington, D. C., on brief, for respondent.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The commissioner determined income tax deficiencies against the petitioners for the years 1944 through 1949, together with fraud penalties, by reason of unreported income.

The unreported income consisted mainly of the receipt by petitioner Mathias Schira of a portion of the proceeds of sale of galvanized cans, buckets and other articles which Schira illegally took from the inventory of the Cincinnati Galvanizing Company, by which he was employed as a shipping clerk in charge of deliveries of the company. Truck loads of the articles were sent by Schira to one Bennett, not a purchaser, who turned them over to one Bell, who in turn sold them on the market. The proceeds were divided between Bell, Bennett and Schira. There were no corporate or individual records by which it could be shown what quantities of goods were so diverted and sold or what portion of the proceeds was later received by Schira. There was other evidence, however, including two written confessions by Schira, which was used by the Commissioner in making the deficiency assessments. The Tax Court affirmed the assessments. T.C.Memo 1956–35, Docket Nos. 50339, 50340, February 15, 1956, Par. 56035, P-H Memo T.C.

Petitioners contend that the confessions of Schira were coerced. For the reasons stated by the Tax Court, we are of the opinion that the evidence fully sustains its finding that the confessions were freely and voluntarily made. They were properly received in evidence.

Petitioners also contend that there was not sufficient evidence to sustain the assessments, which, because of the absence of books and records were merely unwarranted estimates on the part of the Commissioner. In the absence of books and records the Commissioner was justified in making assessments based upon other available evidence, provided they were not arbitrary or unreasonable. Doll v. Glenn, 6 Cir., 231 F.2d 186, 188. In the opinion of the

Court the assessments, although necessarily largely in the nature of estimates, were not arbitrary or unreasonable. Being presumptively correct, the burden rested upon the taxpayer to prove them erroneous. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Manos v. Commissioner of Internal Revenue, 6 Cir., 187 F.2d 734. The taxpayer failed to meet this burden. Doll v. Glenn, supra.

 We concur in the ruling of the Tax Court, and for the reasons given in its Memorandum, that the money received by Schira was taxable income under the ruling in Rutkin v. U. S., 343 U. S. 130, 72 S.Ct. 571, 96 L.Ed. 833, rather than non-taxable income under the ruling in Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752, and that the Government met the burden of proof resting upon it on the issue of fraud penalties. Drybrough v. Commissioner of Internal Revenue, 238 F.2d 735, 738; Kurnick v. Commissioner of Internal Revenue, 6 Cir., 232 F.2d 678, 681.

The judgments of the Tax Court are affirmed.