Communist Party of the U.S.A. v. Commissioner.
Communist Party of U.S.A. v. Commissioner
Docket No. 63763.
United States Tax Court
T.C. Memo 1965-270; 1965 Tax Ct. Memo LEXIS 61; 24 T.C.M. (CCH) 1468; T.C.M. (RIA) 65270; October 6, 1965
John J. Abt, 11 Park Place, New York, N. Y., and Joseph Forer, for the petitioner. Mitchell Rogovin, Claude R. Wilson, Jr., and William J. Luff, Jr., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in income and excess profits tax has been determined by the Commissioner against the petitioner for the taxable year 1951 in the amount of $261,050.38 and an addition to tax for delinquency in the filing of a return for such year in the amount of $65,262.60. The petitioner does not allege error in its petition with respect to the addition to tax. The issues under the pleadings are (1) whether respondent has determined such deficiency arbitrarily so that the burden of proof rests upon him rather than the petitioner, (2) whether petitioner had taxable income in the calendar *62 year 1951, and (3) whether petitioner is exempt from income taxation. Certain portions of the petition have been stricken as immaterial and irrelevant to the issues before us. Findings of Fact All stipulated facts are found as stipulated. The petitioner is an unincorporated association with its principal office in New York City, New York. An unincorporated association was organized in 1919 under the name of Communist Party of the U.S.A. and was dissolved on May 20, 1944. Thereafter, at a convention held on May 20-22, 1944, an unincorporated association was organized under the name of Communist Political Association. Subsequently and prior to July 28, 1945, that association was dissolved. Subsequent to the dissolution of the Communist Political Association and in or about July 1945, the petitioner as an unincorporated association was organized under the name of The Communist Party of the United States of America. Neither the petitioner nor any of its predecessors has filed a Federal income tax or exempt organization information return for any year. Neither petitioner nor any of its predecessors has filed with the respondent an application for exemption from Federal income *63 tax under section 101 or any other section of the Internal Revenue Code of 1939 or the predecessors thereof. The investigation of the petitioner's income tax liability here in issue by the respondent's revenue agent began in approximately April 1954. The agent was informed by petitioner's representatives that the petitioner maintained no records other than payrolls. Respondent's revenue agent made several attempts to obtain information from the petitioner as to the source of its receipts and disbursements. Permission was not granted for an examination nor were complete records showing receipts and disbursements made available to the examining agent. In or about October 1954, the respondent's revenue agent issued an Internal Revenue Summons to 24 individuals to appear before the agent to give testimony concerning the tax liability of the petitioner. In or about October 1954, suit was filed in the United States District Court for the Southern District of New York seeking to have these revenue agent's summons quashed. This matter was subsequently resolved by agreement between the parties that eight of the individuals summoned would appear and testify. Pursuant to said agreement, seven *64 of these individuals subsequently appeared at the respondent's office in New York City, New York. Having been unable to arrive at petitioner's correct taxable income through any other method, respondent based the petitioner's taxable income on the petitioner's unexplained bank credits. During the calendar year 1951, petitioner had approximately 25,000 members. During the calendar year 1951, petitioner had the following monthly dues schedule in effect: Unemployed and youth
$ 0.15
Housewives
0.50
Members earning up to $40 weekly
0.50
Members earning $41 to $60 weekly
1.25
Members earning $61 to $80 weekly
2.50
Members earning $81 to $100 weekly
3.00
Members earning over $100 weekly
10.00
The dues were collected at the club level. Fifty percent of the dues were forwarded to the national office of the petitioner. Ultimate Findings of Fact Petitioner had taxable income in the calendar year 1951 in the sum of $391,985.85 as determined in the respondent's statutory notice of deficiency. The petitioner is not exempt from income tax under section 101 or any other section of the Internal Revenue Code of 1939. Respondent's determination of petitioner's *65 income based on unexplained bank credits in the absence of books and records was not arbitrary and did not serve to shift the burden of proof to the respondent. Opinion As filed, the petition assigned error in respondent's determination of the deficiency herein primarily on the ground of estoppel because of his failure in years prior to 1951 to claim income tax from petitioner and because generally of his failure to claim such tax from political parties in the United States. These assignments of error, together with supporting allegations of fact, were stricken from the petition on respondent's motion. The remaining assignments of error are to the effect that respondent's determination was made in an arbitrary manner with the result that the burden of proof in this case rests upon the respondent to substantiate his determination; that he has failed to do so and that the funds making up petitioner's bank credits for 1951, from which the deficiency was computed, are in any event of such a nature as to fall outside the concept of taxable income. Respondent determined the deficiency herein on the basis of unexplained bank credits after consultation with seven individuals who responded *66 to a summons issued by the examining agent and after determining that a computation of income could not be made from such books and records as were maintained by petitioner. Such books and records were clearly inadequate for the purpose of determining its receipts from any source consisting, as they did, primarily of payroll and social security records and checks made for purposes unexplained on this record. Also in evidence are bank statements listing checks written against petitioner's bank account. Petitioner's bank deposits during 1951 totaled $447,780.41. Of that amount respondent has determined that $391,985.85 constitutes taxable income because of a lack of any evidence indicating that such amount is other than taxable income. Respondent's determination made under the circumstances noted was entirely justified and did not shift the burden of proof from the petitioner. Doll v. Glenn, 231 F. 2d 186 (C.A. 6, 1956); Goe v. Commissioner, 198 F. 2d 851 (C.A. 3, 1952), certiorari denied 344 U.S. 897 (1952), affirming a Memorandum Opinion of this Court; Hoefle v. Commissioner, 114 F. 2d 713 (C.A. 6, 1940), affirming a Memorandum Opinion *67 of the Board of Tax Appeals. Extrinsic of the stipulated facts and its printed constitution the only other evidence put into the record by petitioner consisted of various documents indicating that petitioner had, during 1951, incurred or paid an undisclosed amount for political and other printing. Whether the amount so expended has been allowed as a deduction against petitioner's gross receipts, we are unable to determine from this record. Whether the difference of $55,794.56 between the total of petitioner's 1951 bank deposits and that portion thereof determined to have constituted taxable income represents allowances made for those and other expenditures is not refuted or explained. In the absence of such evidence, the burden being upon petitioner, we conclude such an allowance has been made. Petitioner broadly contends that it is exempt from taxation. In its second assignment of error on petition it has alleged that it is and was exempt from taxation under section 101 of the 1939 Internal Revenue Code. Examination of that section and of the Code generally fails to disclose any basis upon which we can determine that petitioner is among those entities there determined by Congress *68 to be exempt from income taxation. The extremely meager evidence which constitutes this record in no respect aids us in determining otherwise. Exemption from taxation resulting as it does only from congressional action necessitates the holding that petitioner's assignment of error is not well founded. Section 101 is not shown by the evidence to afford exemption status to petitioner. Although petitioner's briefs have not been drawn in accordance with the rules of this Court and are therefore difficult to understand, we think it apparent that inherent in its argument is the contention that it is not an entity generally which is subject to income taxation and that membership dues paid to it by its members do not constitute income but are instead nontaxable gifts. Neither in its petition nor in any amendment thereto has petitioner raised the taxable entity issue or placed in evidence any facts in support thereof, and we therefore do not discuss or decide the question. Factor v. Commissioner, 281 F. 2d 100 (C.A. 9, 1960), certiorari denied 364 U.S. 933 (1961), affirming a Memorandum Opinion of this Court, Lynne Gregg, 18 T.C. 291 (1952), affd. *69 203 F. 2d 954 (C.A. 3, 1953); Ruth K. Wild, 42 T.C. 706 (1964). With respect to its contention that dues represent nontaxable gifts, petitioner has not favored us with any evidence establishing that the bank deposits upon the basis of which the deficiency was determined constitute dues even assuming arguendo that as such they would constitute nontaxable gifts. The only evidence bearing upon the point is the stipulated fact that petitioner's membership in the year at issue was 25,000, the classes of such memberships, and the cost of each membership in each class. We are not able to glean from the meager record anything of probative value which would indicate that petitioner's bank deposits for 1951 were other than taxable income as determined by respondent. Decision will be entered for the respondent.