ELLIOT E. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 5971-70.
United States Tax Court
T.C. Memo 1973-105; 1973 Tax Ct. Memo LEXIS 179; 32 T.C.M. (CCH) 470; T.C.M. (RIA) 73105; May 7, 1973, Filed *179 Held: (1) The petitioner has not explained the source of $8,878.28 of bank deposits; and (2) The petitioner is liable for an addition to tax under sec. 6653(a), I.R.C. 1954. Elliot E. Thomas, pro se. Frank C. Hider, Jr., for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION
SIMPSON, Judge: The respondent determined a deficiency of $1,532.01 in the petitioner's 1965 Federal 2 income tax, and an addition to tax under section 6653(a) of the Internal Revenue Code of 1954[1] in the amount of $76.60. The issues for decision are: (1) Whether the petitioner has explained the source of $8,878.28 of bank deposits which he made in 1965, and (2) whether he is liable for an addition to tax under section 6653(a). *180 FINDINGS OF FACT
Some of the facts were stipulated, and those facts are so found. The petitioner, Elliot E. Thomas, maintained his residence in Miramar, Florida, at the time the petition was filed in this case. He filed his 1965 individual Federal income tax return with the district director of internal revenue, Baltimore, Maryland. From 1960 through 1970, the petitioner's principal business activity was the selling of coins at retail. He purchased, exchanged, and traded coins, which he then ususally sold at a profit. He used the money obtained from such sales to cover his travel and living expenses. During 1963, 1964, and 1965, when his coin business was most 3 substantial, the petitioner reported gross income of $1,460, $1,420, and $1,700, respectively. On December 10, 1964, the petitioner deposited $2,000.00 to his personal checking account at the Riggs National Bank of Washington, D.C., and at the beginning of 1965, the balance in such account was $2,158.68. During the first 11 months of 1965, he made no additional deposits, and he drew 31 checks on the account in the total amount of $2,056.25. On December 10, 1965, he made a deposit of $568.28 in such account. *181 On May 10, 1965, the petitioner deposited $310.00 to his individual savings account at the First National Bank of Washington. The amount so deposited does not correspond to any amount withdrawn from his checking account at the Riggs National Bank. As part of an illegal check scheme, the petitioner, on May 21, 1965, opened a checking account at the Suburban Trust Company, Hyattsville, Maryland. The account was in the fictitious business name of the National Payroll and Audit Service Systems (Payroll), and the petitioner used the fictitious name of John P. Ayres to draft and sign checks upon this account. He made a total of $8,000.00 of deposits to such account as follows: $1,000.00 on May 21, 1965; $4,000.00 on June 3, 1965; 4 $1,600.00 on September 28, 1965; and $1,400.00 on October 1, 1965. None of the deposits corresponded to any amount withdrawn from the petitioner's personal checking account. On October 4, 1965, the petitioner, using the fictitious name of John P. Ayres, withdrew the amounts which he had previously deposited. Between October 4, 1965, and October 18, 1965, checks in the total amount of $505,103.53, which had been drawn on the Business Managers Account *182 of American University at the First National Bank of Washington, were deposited to the Payroll account. On October 19, 1965, and October 22, 1965, the petitioner withdrew $497,000.00 from the Payroll account by checks, which were signed "John P. Ayres" and were payable to the Foreign Commerce Bank of Zurich, Switzerland. The petitioner and an accomplice traveled to Zurich, Switzerland, where they were arrested on October 28, 1965, when they attempted to collect the $497,000.00, which had been withdrawn from the Payroll account on October 19, 1965, and October 22, 1965. The petitioner entered a plea of guilty to a Federal charge of interstate transportation of a forged check, and he was subsequently convicted and sentenced to 3 years' probation. Portions of the $8,000.00 which the petitioner withdrew from the 5 Payroll account on October 4, 1965, were used to pay for his and his accomplice's trip to Switzerland and to pay the legal fees that the petitioner incurred with respect to the Federal charge to which he pled guilty. On his 1965 Federal income tax return, the petitioner's reported income of $1,700.00 consisted of $950.00 in wages and $750.00 in profits and his coin *183 sales. On schedule C of his return (Profit (or Loss) from Business or Profession), the petitioner listed gross sales of $750.00 and no cost of goods sold or other business deductions. In his notice of deficiency, the respondent determined that the wages of $950.00 and business profits of $750.00 should be eliminated from the petitioner's adjusted gross income and that such income should be computed on the basis of specific bank deposits in the amount of $8,878.28. Such deposits included the $8,000.00 deposited to the Payroll account from May 21, 1965 through October 1, 1965; the $310.00 deposited on May 10, 1965, to the petitioner's savings account; and the $568.28 deposited on December 10, 1965, to the petitioner's personal checking account. The respondent also determined that part of the underpayment of tax was due to "negligence or intentional disregard of rules and regulations" and asserted an addition to tax as provided by section 6653(a). 6 OPINION
The issues for decision are: (1) Whether the petitioner has explained the source of $8,878.28 of bank deposits which he made in 1965, and (2) whether he is liable for an addition to tax under section 6653(a). A taxpayer *184 is required to keep such books of accounts or records as are sufficient to accurately reflect his income. Sec. 6001; sec. 1.6001-1, Income Tax Regs. In the absence of such records, the respondent may determine the taxpayer's income by reference to the bank deposits made by the taxpayer, and such determination is presumed to be correct. Doll v. Glenn, 231 F. 2d 186 (C.A. 6, 1956); Hague Estate v. Commissioner, 132 F. 2d 775 (C.A. 2, 1943), affg. 45 B.T.A. 104 (1941), cert. denied 318 U.S. 787 (1943); Henry M. Rodney, 53 T.C. 287 (1969); Thomas B. Jones, 29 T.C. 601 (1957). The burden is on the petitioner to show that the respondent's determination is incorrect ( Bernstein v. Commissioner, 267 F. 2d 879 (C.A. 5, 1959), affg. a Memorandum Opinion of this Court; Hague Estate v . Commissioner, supra; Henry M. Rodney, supra), and such burden must be met with respect to each bank deposit made by the petitioner before the presumption is overcome as to that deposit ( Foster v. Commissioner), 391 F. 2d 727, 735 (C.A. 4, 1968), affg. 7 on this point a Memorandum *185 Opinion of this Court; see Zeeman v. United States, 395 F. 2d 861 (C.A. 2, 1968); Marcello v. Commissioner, 380 F. 2d 494 (C.A. 5, 1967), affg. on this point a Memorandum Opinion of this Court). In the present case, the respondent was justified in reconstructing the petitioner's income by reference to his bank deposits. The petitioner did not introduce any books of account or financial records into evidence, and his only reference to any records was his statement at trial that the records which he did have were lost in 1967 or 1968. Even if we accept the petitioner's testimony that records existed, we do not know what these records included or whether they accurately reflected income. Furthermore, where records are misplaced or lost, there is considered to be an absence of records, and the respondent may then reconstruct the taxpayer's income. Doll v. Glenn, supra; cf. Hague Estate v. Commissioner, supra; Aaron Samuelson, Executor, 10 B.T.A. 860 (1928); Pennant Cafeteria Co., 5 B.T.A. 293 (1926). In attempting to meet his burden of showing that the respondent's determination is erroneous, the petitioner *186 contends that the sources of the bank deposits in question "had to come from" the proceeds of his mother's estate and his wife's estate, the proceeds of a house sale, the 8 amount he received when he cashed in an insurance policy, and $20,000 in coins which he purchased from 1960 through 1964. However, the petitioner has failed to trace any such proceeds or funds to any specific deposit which he made in 1965. Under such circumstances, we need not discuss the respondent's contention that the petitioner's entire case consisted only of the petitioner's uncorroborated testimony and that such testimony should be given little or no weight because the petitioner was convicted of a felony. The petitioner testified that his mother died in 1957, that his wife died in 1958, and that in 1960 or 1961, he received $1,500 from the sale of inherited property. There is no indication as to what was done with the money when it was received or during the period from 1960 or 1961 to 1965.Furthermore, there is absolutely no evidence connecting the receipt of the $1,500 with any specific deposit made during 1965. The petitioner further testified that in about 1962, he cashed in an insurance *187 policy and received approximately $6,000 or $6,500. However, just as in the case of the proceeds from the sales of inherited properties, there is no indication as to what was done with the insurance proceeds when they were received or during the period from 9 1962 to 1965. Nor is there any evidence connecting the receipt of the insurance proceeds with any specific deposit made during 1965. Similarly, the petitioner testified that he received $2,000 when he sold his house in 1960 or 1961, but he failed to present any evidence showing what was done with the money during the years before 1965 or connecting the money with any specific deposit made during 1965. The petitioner also testified that he purchased $20,000 worth of coins between 1960 and 1964. It is obvious that these coins, which included $3 gold pieces, were not the subject of the deposits by the petitioner in 1965, and the petitioner does not contend otherwise. He does contend, however, that he made a sale of $5,000 worth of $3 gold pieces in December 1964 and that during such month he deposited $2,000 in his personal checking account. The petitioner presented no evidence to indicate that he retained the remaining *188 $3,000 until May 1965 when the first deposit at issue in this case was made. Indeed, it is stipulated that the petitioner used the money which he made selling coins to pay his living expenses, and he testified that he could not recall depositing any of the $3,000. Finally, the petitioner has presented no evidence showing any other coin sales or that 10 the proceeds from any such sales would have been nontaxable. At trial, the petitioner introduced no documentary evidence, but claimed that he could obtain records from coin dealers to show his coin purchases. On brief, he urges this Court to allow him to submit such records, insurance records, and other evidence concerning the estates of his mother and wife. However, the petitioner had ample notice of the hearing in this case, and although at the time of the trial he was advised as to the burden of proof which the law places upon him, he did not then seek a continuance to secure relevant evidence. Moreover, it appears that the evidence which the petitioner now wishes to offer would not be sufficient to carry his burden of proof. There would still be no evidence linking the claimed sources of funds with any specific deposit *189 made in 1965. In the absence of such evidence, the proffered evidence would be insufficient to establish the source of the deposits at issue in this case. Considering all these circumstances, there is no reason to arrange a further trial in the case. The second issue for decision is whether the petitioner is liable for an addition to tax under section 6653(a). The petitioner has the burden of proving that he is not liable for such addition ( Peter Vaira, 52 T.C. 986 (1969); 11 Robert L. Bunnel, 50 T.C. 837 (1968); David Courtney, 28 T.C. 658 (1957)), and he offered absolutely no evidence as to his liability for such addition to the tax. We must, therefore, affirm the respondent's determination that the petitioner is liable for an addition to tax under section 6653(a). Robert L. Bunnel, supra.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. ↩