ESTATE OF WILLIE JAMES GARY, Deceased, MATTIE HAWKINS, Administrator, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Gary v. Commissioner
Docket No. 8195-74.
United States Tax Court
T.C. Memo 1976-189; 1976 Tax Ct. Memo LEXIS 214; 35 T.C.M. (CCH) 820; T.C.M. (RIA) 760189; June 14, 1976, Filed Arthur L. Stern, III, for the petitioner. John E. White, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency against the estate of Willie James Gary (deceased) for the taxable period January 1, 1973 through July 26, 1973, in the amount of $16,550.85. The issue for decision is whether Willie James Gary realized unreported taxable income from the purchase and sale of heroin. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by this reference. Mattie Hawkins is the administrator of the estate of Willie James Gary and was appointed pursuant to letters of administration issued by the Monroe County Surrogate's Court on September 24, 1973. She *215 is the mother of Willie James Gary. She resided in Rochester, New York, when the petition was filed in this case. On July 29, 1973, Gerald Luciano, and officer with the Rochester, New York, Police Department assigned to the Special Criminal Investigation Section, obtained a search warrant from the Rochester City Court which authorized him to make an immediate search of the person of Willie James Gary, Carol A. Lewin, and a building at 429 Lake Avenue, Rochester, New York. The search warrant specified in broad terms that Detective Luciano could search for heroin, morphine, cocaine and any other dangerous drugs including paraphernalia and implements used to administer such drugs. The search warrant was issued upon the basis of information contained in an affidavit dated July 20, 1973, and signed by Detective Luciano. On July 20, 1973, the Rochester police raided the apartment at 429 Lake Avenue pursuant to the search warrant and seized cash in the amount of $1,697,625 decks of heroin and various instruments used to administer drugs. On July 23, 1973, the District Director of Internal Revenue, Buffalo, New York, sent a letter to Willie James Gary notifying him that his 1973 *216 taxable year had been terminated pursuant to the provisions of section 6851 of the Internal Revenue Code of 1954. [1] Demand was made in the letter for payment of income tax of $20,460.94 for the period January 1, 1973 through July 20, 1973. Because no payment was received, the District Director's office made an assessment of $20,460.94 and served a Notice of Levy upon the Rochester Police Department. On July 24, 1973, pursuant to said seizure, the Rochester police turned over cash (seized on July 20, 1973) in the amount of $1,697 belonging to Willie James Gary to the Buffalo District Director's office. From the time of his arrest on July 20, 1973, until July 26, 1973, Gary remained in jail. Willie James Gary died on July 26, 1973, shortly after being released from jail. On July 27, 1973, an autopsy was performed by Dr. Milton G. Bohrod, an assistant medical examiner with the Monroe County Medical Examiner's office. On July 27, 1973, based upon his post-mortem examination and the information contained in the laboratory report prepared by other members of the Monroe County *217 Medical Examiner's office, Dr. Bohrod signed a Certificate of Death prepared by him in which he concluded that the immediate cause of Gary's death on July 26, 1973, was acute narcotism and was due to or as a consequence of chronic narcotism. It could not be determined if Gary had died from an overdose of heroin. Willie James Gary resided with his mother, Mattie Hawkins, for the last two years of his life. He spent most of his time asleep during the day. His body was swollen from the accumulation of fluid and abscesses. Occasionally, he would visit his girlfriend. During the last seven months of his life, Willie Gary was using methadone, a drug used by individuals who are attempting to terminate their use of heroin. On July 27, 1973, the Buffalo District Director's office seized Willie Gary's 1971 Cadillac which was in the possession of the Rochester Police Department. At a public auction sale held by the District Director's office on October 18, 1973, the Cadillac was sold and gross proceeds of $2,212 were realized and the expenses of sale totaled $246.20. This car was purchased by Gary about two months before his death. On September 14, 1973, the Buffalo District Director's *218 office received a payment of $607.28 from the General Motors Acceptance Corp. as a result of a prior Notice of Levy. Gary did not file a Federal income tax return for the taxable year 1972. No Federal income tax return has been filed on his behalf for the taxable period of January 1, 1973 through July 26, 1973. Sometime after April 15, 1974, the District Director's office prepared a proposed statutory notice and statutory notice statement which were forwarded to the Regional Counsel's office in Buffalo for review. In the proposed statutory notice, Gary's income for the taxable period January 1, 1973 to July 26, 1973, was reconstructed by use of the cash expenditures method. The only change recommended by Regional Counsel's office was a reduction in the daily cost of Gary's drug habit from $240 to $200, thereby resulting in an overall cost of $40,200. Such change was recommended because the District Director's administrative file contained an affidavit of Detective Luciano wherein he stated that on July 20, 1973, while being processed, Gary told him that "at one time he did use 20 decks of heroin 3 or 4 times a day which makes a total of approximately over fifty decks for *219 his individual use." The street value of fifty decks was approximately $200. At the time that Regional Counsel was reviewing the proposed notice, in addition to the information contained in the search warrant affidavit, search warrant, inventory of seized drugs, and affidavit of Detective Luciano submitted to the Internal Revenue, the District Director's administrative file also contained the report and workpapers of Revenue Agent Samuel DiNolfo. In these papers, the revenue agent reported that he had read transcripts of grand jury testimony, secured through an order obtained under Federal Rules of Criminal Procedure 6(e), which indicated that Gary was both a narcotics pusher and user. The Commissioner, in his statutory notice of deficiency, determined that petitioner had $45,147 of income computed as follows: Sale of drugs
$ 1,697
Cost of drugs purchased
for resale
3,250
Cost of drugs used
40,200
TOTAL
$45,147 The Commissioner also determined that self-employment tax in the amount of $842.50 was due from Willie James Gary. OPINION The Commissioner redetermined Willie Gary's income for the taxable period from *220 January 1, 1973 through July 26, 1973, by use of the cash expenditures method. He determined that petitioner had gross income of $45,147 for the taxable period which was composed of $1,697 in cash realized from the sale of drugs, $3,250 expended for the resale of drugs and $40,200 expended for heroin used personally. The determination was based principally on an affidavit written by Detective Gerald Luciano wherein he stated that on July 20, 1973, while processing Willie Gary for possession of heroin, Willie Gary stated that "at one time he did use 20 decks of heroin 3 or 4 times a day which makes a total of approximately over fifty decks for his individual use." The value of fifty decks of heroin during the period in question was $200. The burden of proof is upon petitioner to show that respondent's determination is erroneous. Respondent's determination is prima facie correct unless the evidence establishes that the determination is arbitrary, capricious and excessive. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111, 115 (1933); Flomarcy Co., Inc. v. Commissioner,324 F.2d 730 (2d Cir. 1963); Andrews v. Commissioner,135 F.2d 314, 318-319 (2d Cir. 1943), *221 cert. denied 320 U.S. 748 (1944). Petitioner contends that the determination was based totally on guesswork and, because safeguards necessary to a reasonable and realistic estimate of Willie Gary's taxable income were overlooked, the determination was arbitrary. Respondent admits that the determination was necessarily in the nature of an estimate but, relying on Schira v. Commissioner,240 F.2d 672 (6th Cir. 1957), and Elmer Krassner,T.C. Memo 1974-223, and cases cited therein at note 4, maintains that estimates of the taxable income on the basis of daily expenditures for narcotics was reasonable and proper. Petitioner urges that the Commissioner's notice of deficiency is unreasonable on its face because the Commissioner has utilized the cash expenditures method of reconstructing income without attempting to ascertain Willie Gary's opening net worth. The cash expenditures method of reconstructing income is a variant of the net worth method and the requirements set forth in Holland v. United States,348 U.S. 121 (1954), are applicable to civil cases as well as criminal cases. Hoffman v. Commissioner,298 F.2d 784 (3d Cir. 1961); *222 Marcella v. Commissioner,222 F.2d 878 (8th Cir. 1955); Goldberg v. Commissioner,239 F.2d 316 (5th Cir. 1956); Cohen v. Commissioner,176 F.2d 394 (10th Cir. 1949). In Holland, the Supreme Court stated at page 132: * * * an essential condition in cases of this type is the establishment, with reasonable certainty, of an opening net worth, to serve as a starting point from which to calculate future increases in the taxpayer's assets. The importance of accuracy in this figure is immediately apparent, as the correctness of the result depends entirely upon the inclusion in this sum of all assets on hand at the outset. * * * Because respondent failed to make any attempt to ascertain whether Willie James Gary was possessed of any opening net worth for the taxable period in question, we have grave doubts as to the reasonableness of the Commissioner's determination. However, we need not question the reasonableness of the determination because petitioner has presented sufficient facts to warrant our holding that Willie James Gary was not capable of, nor did he use, heroin during the period in question. The only fact supporting *223 respondent's determination is the vague statement made by Willie James Gary to Detective Luciano that he, Willie Gary, was at one time the victim of a $200-a-day heroin habit. We find the testimony of Willie James Gary's mother credible. She testified, without contradiction, that except for short periods when Willie Gary visited his girlfriend, he was bedridden and incapable of buying and selling and/or using the drugs alleged by respondent. Her testimony sufficiently sustains petitioner's burden of proof. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩