JOSEPH ROSANOVA, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosanova v. Commissioner
Docket No. 2884-83.
United States Tax Court
T.C. Memo 1985-306; 1985 Tax Ct. Memo LEXIS 323; 50 T.C.M. (CCH) 213; T.C.M. (RIA) 85306; June 25, 1985. *323 Held, respondent correctly determined petitioner's income under the bank deposits method; petitioner is not entitled to deductions for business expenses or depreciation in excess of those allowed by respondent; petitioner is not entitled to a partnership loss disallowed by respondent; and, petitioner is liable for an addition to tax under sec. 6653(a). *324 Hallison H. Young, for the petitioner. Margaret A. Satko, for the respondent. WHITAKER MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year ended December 31, 1979 in the amount of $7,879 and an addition to tax of $394 under section 6653(a) [1]. The issues before us are: (1) Whether bank deposits for the taxable year 1979 in excess of gross receipts reported on his 1979 return constitute income to petitioner; (2) whether petitioner is entitled to business expense deductions in excess of those allowed by respondent; (3) whether petitioner is entitled to a depreciation deduction in excess of that allowed by respondent; (4) whether petitioner is entitled to a partnership loss disallowed by respondent; and (5) whether petitioner is liable for an addition to tax under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. *325 Petitioner, Joseph Rosanova, Jr., was a resident of Detroit, Michigan when the petition was filed in this case. During 1979 petitioner was engaged in the trade or business of being a professional musician. In addition to being a band leader, he played the drums, guitar and flute, and also did some recording and publishing of music. In connection with his business, during 1979 petitioner incurred expenses in an unspecified amount. He claimed on his 1979 return business deductions of $43,388 and a depreciation deduction of $1,548. During 1979 petitioner wrote a check on his mother's checking account in the amount of $5,000, which was invested in a partnership. The amount so invested was money that belonged exclusively to petitioner's mother. On his 1979 return, petitioner claimed a $5,000 loss from the partnership in which his mother, not he, had invested. Petitioner indicated to respondent's agent during audit that he knew that the $5,000 partnership loss deduction taken on his return belonged to his mother, not him. Mr. Lloyd Ruby, a certified public accountant, prepared petitioner's tax return for 1979 on the calendar year basis. In the absence of adequate records, *326 respondent made an analysis of petitioner's bank deposits for 1979. Respondent determined therefrom in the notice of deficiency that petitioner had underreported his income by $15,061. Respondent also determined that petitioner had overstated his business expenses by $4,789; that petitioner had overstated his depreciation deduction by $535 because he had failed to establish a basis for depreciating his musical equipment in excess of $4,014 [2]; that petitioner was not entitled to the partnership loss of $5,000; and that petitioner was liable for an addition to tax pursuant to section 6653(a). At the end of trial, the parties were instructed by the Court to file simultaneous briefs. Although respondent did so, no brief was filed by or on behalf of petitioner. OPINION It is well established that, in the absence of adequate books and *327 records, respondent may determine a taxpayer's income by a bank deposits analysis. Section 446(b); section 1.6001-1(a), Income Tax Regs.; Goe v. Commissioner,198 F.2d 851, 852 (3d Cir. 1952), affg. a Memorandum Opinion of this Court, cert. denied 344 U.S. 897 (1952); Estate of Mason v. Commissioner,64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Use of the bank deposits method is proper even when the taxpayer keeps books and records which support his return as filed. Campbell v. Guetersloh,287 F.2d 878, 880 (5th Cir. 1961); Harper v. Commissioner,54 T.C. 1121, 1129 (1970). Respondent is not required to accept a taxpayer's return or his books at face value. Holland v. United States,348 U.S. 121, 130-132 (1954). When respondent uses the bank deposits method to reconstruct income, evidence of the mere making of a bank deposit does not, of itself, show that the sum deposited was or was not income. Goe v. Commissioner,Supra at 852; Reaves v. Commissioner,31 T.C. 690, 717-718 (1958), affd. 295 F.2d 336 (5th Cir 1961). *328 Once respondent has made the determination, however, the taxpayer has the burden of proving that the deposits were not the result of the receipt of taxable income. Mills v. Commissioner,399 F.2d 744, 749 (4th Cir. 1968); Doll v. Glenn,231 F.2d 186, 188 (6th Cir. 1956); Hague Estate v. Commissioner,132 F.2d 775, 776 (2d Cir. 1943), cert. denied 318 U.S. 787 (1943); Estate of Mason v. Commissioner,supra at 657; Rule 142(a). Petitioner has utterly failed to meet his burden with respect to his income. He attempted at trial to persuade the Court that the approximately $15,000 discrepancy between his income as reported on his 1979 return and as reconstructed by respondent constituted loans from his mother during 1979. He was unable, however, to specify exactly when or how much money he borrowed from his mother or which bank deposit slips represented deposits of borrowed money. His mother was not called to testify, which gives rise to the presumption that her testimony would have been unfavorable. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). *329 He provided the Court with no cancelled checks, receipts, notes or any other corroborative evidence of his alleged loans. Accordingly, he has not met his burden of proof. Gemma v. Commissioner,46 T.C. 821, 832-833 (1966). Petitioner likewise bears the burden of proving that he is entitled to the business expense and depreciation deductions and to the partnership loss. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Although petitioner testified in a general manner that he did in fact incur during 1979 the expenses indicated on his 1979 return in connection with his business of being a professional musician, he failed to produce during trial any corroborative evidence of the amount, date, business purpose or other details of such expenses. See Roberts v. Commissioner,62 T.C. 834, 839 (1974). Petitioner's testimony at trial was vague, general and altogether insufficient in the absence of proper records to support a deduction. Cf. Ferrer v. Commissioner,50 T.C. 177, 185 (1968), affd. on other grounds 409 F.2d 1359 (2d Cir. 1969). His mere assertion that his return is correct is inadequate *330 substantiation. Wilkinson v. Commissioner,71 T.C. 633, 639 (1979). [3] As to the depreciation deduction, petitioner presented no evidence. With regard to the partnership loss, petitioner's testimony at trial made it clear that, if any loss was sustained--and no loss was proven--it was sustained not by petitioner but by his mother. Accordingly, petitioner has not shown that respondent's deficiency determination was incorrect. Lastly, we must address whether petitioner is liable for the addition to tax under section 6653(a). Petitioner bears the burden of proof on this issue as well. Rule 142(a). Since petitioner did not file a brief, it is not clear on what basis he has attempted to carry his burden. The only evidence in the record even remotely touching on this question was at trial in response to questions by his attorney, wherein he stated that he has no training in accounting, bookkeeping or tax return preparation, implicitly indicating that he had relied solely upon his accountant's advice in filing *331 his 1979 return. The general rule is that the duty to file accurate returns cannot be avoided by placing responsibility on an agent. Daughterty v. Commissioner,78 T.C. 623, 641 (1982); Pritchett v. Commissioner,63 T.C. 149, 174 (1974); Enoch v. Commissioner,57 T.C. 781, 802 (1972). See also United States v. boyle,469 U.S.    , 53 U.S.L.W. 4059 (1985). In certain limited circumstances, where return preparers were provided with full disclosure of all pertinent material, this Court has found that reasonable reliance on expert advice may avoid a negligence addition. Hill v. Commissioner,63 T.C. 225, 251 (1974); Conlorez Corp. v. 51 T.C. 467, 475 (1968). [4] Such is not the case here. It is obvious that petitioner provided Ruby, his return preparer, with information concerning a partnership in which his mother, not he, invested, without adequately advising Ruby that he was not entitled to the loss. He then proceeded to sign his return containing the partnership loss. He provided no evidence to justify such behavior. Thus, petitioner has not satisfied *332 his burden of establishing that he supplied his return preparer with correct information and that the incorrect return thus was a result of something other than negligence on his part. Daugherty v. Commissioner,supra at 641; Pessin v. Commissioner,59 T.C. 473, 489 (1972); Enoch v. Commissioner,supra at 803. Moreover, he failed to maintain adequate records to support the positions taken on his 1979 return. Accordingly, we sustain respondent's determination that petitioner is liable for the addition to tax under section 6653(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The notice of deficiency states that petitioner had taken a depreciation deduction of $729 on his 1979 return, but he actually deducted $1,548 for depreciation on his Schedule C. Since respondent did not address this discrepancy in his answer or by way of amended answer, we are limited to the amount in the notice of deficiency.↩
3. Moreover, we note that some of the disallowed deductions must be--and were not--substantiated under the rigorous requirements of sec. 274.↩
4. See also Dillin v. Commissioner,56 T.C. 228, 248↩ (1971), where the complexity of issues understandably created confusion and uncertainty of law, negating neligence. There is no uncertainty as to petitioner's legal obligation under the facts presented here.