Erma M. SCHRADER, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 19363.

United States Court of Appeals
Sixth Circuit.

Jan. 23, 1970.

444

Erma Schrader, pro se.

William L. Goldman, Atty., Dept. of Justice, Washington, D. C., for respondent-appellees; Johnnie M. Walters, Asst. Atty. Gen.; Lee A. Jackson, William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and WILSON, District Judge.*

PER CURIAM.

This case involves deficiencies of approximately $10,000 in taxpayer's income taxes for the years 1963 through 1965. The Commissioner determined that the taxpayer's income tax returns did not accurately reflect her true income, and, accordingly, redetermined her income by using the net worth method. Internal Revenue Code of 1954 § 446(b) (hereinafter "the Code"); Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Following the Tax Court's affirmance of the Commissioner's determination of the deficiencies, taxpayer appealed.

Taxpayer conducted a number of businesses in properties she owned in Louisville, Kentucky. Among them were a coin operated car wash, a beauty salon and a beauty aids supply business. She also owned and rented some apartments. The primary issue, both in the proceedings below and here, is the proper allowable depreciation for these various properties.

Throughout the proceedings below, taxpayer, who unfortunately proceeded *pro se*, apparently failed to understand that she had the burden of showing that the Commissioner's net worth computation, including his allowances for depreciation, were wrong. *See* Harp v. Commissioner of Internal Revenue, 263 F.2d 139, 141 (6th Cir. 1959); Schira v. Commissioner of Internal Revenue, 240 F.2d 672, 673–74 (6th Cir. 1957); Thomas v. Commissioner of Internal Revenue, 223 F.2d 83, 87 (6th Cir. 1955). The Tax Court affirmed the Commissioner's net worth computation primarily on the basis of the taxpayer's utter failure to introduce any probative evidence which would overcome the presumptive correctness of the Commissioner's determination. On the state of this record we would be inclined to affirm the findings of the Tax Court under the clearly erroneous rule (Fed.R.Civ.P. 52(a)) were it not for the fact that both in his brief and in oral argument the Commissioner conceded certain errors of law in his net worth computation.

Each of the errors conceded by the Commissioner relates to the proper depreciation deductions for certain of the properties used by taxpayer in her business activities. In the Tax Court the parties referred to the properties by Louisville street address, and we shall similarly refer to the properties in a short discussion of each concession.

1. *4161 Taylor Boulevard.* This property contained taxpayer's coin operated car wash. Taxpayer computed depreciation on this property on the basis of a 10-year useful life for both the building and the car wash equipment. The Commissioner accepted the 10-year useful life for the equipment but substituted a 25-year useful life for the structure. The Commissioner asserts that the Tax Court correctly adopted his separate useful life determinations for the building and equipment. However,

---

* Honorable Frank W. Wilson, Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

the Commissioner, who originally computed depreciation on the building and equipment separately, now concedes that the allowable depreciation for the building and equipment should have been computed by using the composite account method set forth in Example (2) to Treasury Regulations Section 1.167(b)–1. We find that the Commissioner's request for a remand for a recomputation of the allowable depreciation using the composite account method should be granted.

 2. *4168 Taylor Boulevard.* A portion of this property was rented while the balance served as taxpayer's residence and the site of the beauty aids supply business. Because of the business activities conducted on the premises, taxpayer depreciated a portion of the building. Although the Commissioner originally substituted a new depreciation schedule for that used by the taxpayer, the Commissioner now concedes that taxpayer's method of depreciation for this property was correct. In view of the Commissioner's concessions with respect to this property, the Commissioner's request for a remand for a recomputation of the allowable depreciation for this property should be granted.

■ 3. *1404 Bluegrass Avenue.* This property was taxpayer's parents' residence. They conveyed the property to her in 1952 but retained joint life interests in the property. When the surviving parent died in 1962, taxpayer converted the property to rental property and began depreciating the structure. Taxpayer assigned a depreciable basis of $12,500 to the structure, the amount she determined to be the fair market value of the house in 1962. The Commissioner originally contended that taxpayer's depreciable basis in the property was her parents' cost basis in the property pursuant to section 1015(a) of the Code. The Commissioner now concedes that this was error and that section 1014(b) (9) rather than section 1015(a) governs the determination of taxpayer's adjusted basis because of the parents' retention of life interests in the property when they conveyed it to her. In view of the Commissioner's concession, and in view of the clear requirements of section 1014 of the Code, we find proper the Commissioner's request for a remand for the purpose of determining taxpayer's adjusted basis in the property pursuant to section 1014(b) (9) of the Code as well as the fair market value of the property in 1962 and the allowable depreciation deduction for the property based on the lower of the two figures.

The case is remanded to the Tax Court for further factual findings and recomputations of allowable depreciation deductions as are more fully set forth above, and, based upon such recomputations, a final determination of taxpayer's deficiencies for the years 1963 through 1965. The remainder of the Tax Court's adoption of the Commissioner's net worth computation is affirmed.