ERMA M. SCHRADER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schrader v. Commissioner
Docket No. 2277-74.
United States Tax Court
T.C. Memo 1975-364; 1975 Tax Ct. Memo LEXIS 10; 34 T.C.M. (CCH) 1572; T.C.M. (RIA) 750364; December 23, 1975, Filed Erma M. Schrader, Pro Se. Philip G. Owens, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1970 in the amount of $ 1,698.32. The issues for decision are (1) the proper amount of depreciation, if any, to which petitioner is entitled in 1970 on an air conditioner, and (2) the proper amount of petitioner's loss upon the sale in June 1970 of a coin laundry or laundromat. The resolution of the issue with respect to the loss on the sale in 1970 of the laundromat *11 requires a determination of petitioner's remaining basis in the equipment used in the laundromat, including the air conditioner, at the time of the sale. FINDINGS OF FACT Petitioner is an individual who resided in Louisville, Kentucky at the time the petition in this case was filed. Petitioner filed her individual income tax return for the calendar year 1970 on January 7, 1971. [1] Petitioner attached to this return three Schedule C's, "Profit (or Loss) From Business or Profession," one for a beauty supply house, another for a coin laundry, and the third for a car wash business. She also listed on the return receipts from and expenses in connection with certain rental property. On this return she claimed, under the designation "Sold Laundry Loss" an amount of $ 9,615.23 which resulted in a total loss when combined with other losses claimed by petitioner of $ 14,221.76. On the page on which the loss of $ 14,221.76 was shown and below the statement of this claimed loss the following appeared: If you will send this refund of $ 8,446.97, that is legally due me, I will pay you the tax you say I owe for 1963, 1964, and 1965. I do not owe this and never did, but will pay it to keep from *12 hiring an attorney, after you make this refund that is due me. If you do not make this refund, then I will hire an attorney to clear me of the 1963, 64, and 65 lies and if you will not make the refund I will use it from year to year until it is used up. As soon as this is cleared up, I will tear the Car Wash down as the equipment is worn out and it is not doing any good, this will be another big loss I will apply. On April 23, 1971, petitioner filed on Form 1040 a document entitled "Amended Return for 1970 per Tax Court Decision" to which she again attached Schedule C's for the beauty supply house, the car wash, and the coin laundry business and reported certain receipts from and expenses in connection with rental property. On this return she reported profit from each of the activities shown on the Schedule C's and from her rental receipts. She reported a total adjusted gross income of $ 10,730.72, and on page one of the form under "22. Total credits (from line 55)" stated as follows: "1966, 1967, 1968, 1969 Refunds *13 due. Apply this tax against the refunds due." On March 25, 1974, petitioner filed with the District Director of Internal Revenue in Louisville, Kentucky a document on Form 1040X, "Amended U.S. Individual Income Tax Return" for the year 1970 to which she again attached three Schedule C's, one for the beauty supply house, one for the coin laundry, and one for the car wash business, and reported rental receipts. On this "amended return" petitioner reported income from her businesses and rental receipts of $ 14,386.52 from which she deducted $ 9,678.08 to arrive at income prior to personal exemption. Included in the $ 9,678.08 deduction was an item designated "Coin Laundry Loss, $ 4,796.59." Attached to this Form 1040X was a document in the form of a letter stating, among other things, that she "did not make a $ 513.30 mistake on the car wash and you will have to prove I did." Under date of March 15, 1974, respondent mailed to petitioner the notice of deficiency which forms the basis for the petition in this case. In this deficiency notice respondent decreased the depreciation claimed by petitioner, decreased petitioner's claimed loss on the sale of the coin laundromat, made a correction *14 of $ 79 stated to be a mathematical error, decreased the contributions claimed by petitioner, and increased the deductions for business expenses and sales tax and Kentucky income tax over that claimed by petitioner. In explanation of the adjustments with respect to depreciation and loss on the sale of the laundromat or coin laundry, respondent stated: It is determined that the loss claimed on the sale of the laundromat is overstated to the extent of $ 7,449.29, computed as follows: Basis in items sold (See
Exhibit A)
$ 6,931.52
Sales price
5,000.00
Corrected loss on sale
$ 1,931.52
Amount claimed per return
9,380.81
Increase in income
$ 7,449.29
Exhibit A attached to the notice of deficiency shows the following: Date
Salvage
Depreciable
Prior
Acquired
Asset
Cost
Value
Basis
Depreciation
1964
Car Wash, #1
$ 17,477.62
$ 3,845.05
Building
1964
Car Wash, #1
5,688.40
$ 568.84
$ 5,119.56
3,128.62
Equipment
1965
Car Wash, #2
7,911.85
1,582.35
Building
1965
Car Wash, #2
5,688.40
568.84
5,119.56
3,128.62
Equipment
1958
Coin Laundry
13,304.47
1,000.00
12,304.47
12,304.47
Equipment
1960
Coin Laundry
11,231.88
500.00
10,731.88
10,731.88
Equipment
1965
Coin Laundry
1,403.33
150.00
1,253.33
626.65
Equipment
1962
Bluegrass Beauty
1,588.30
300.00
1,288.30
1,030.64
Equipment
1959
4168 Taylor Blvd.
500.00
50.00
450.00
450.00
Furniture
1961
4168 Taylor Blvd.
250.00
25.00
225.00
202.50
Furniture
1962
4168 Taylor Blvd.
150.00
15.00
135.00
108.00
Furniture
1963
4168 Taylor Blvd.
600.00
60.00
540.00
378.00
Furniture
1963
4160 Taylor Blvd.
1,100.00
110.00
990.00
693.00
Furniture
1964
4160 Taylor Blvd.
400.00
40.00
360.00
216.00
Furniture
1965
4160 Taylor Blvd.
1,500.00
150.00
1,350.00
675.00
Furniture
1964
1404 Bluegrass
2,500.00
250.00
2,250.00
1,350.00
Furniture
1965
1404 Bluegrass
1,550.00
155.00
1,395.00
697.50
Furniture
1968
Mercury Auto
3,500.00
3,500.00
1,400.00
1970
Buick Auto
6,603.51
660.35
5,943.16
Additional Depreciable Items Added by Regional Counsel in
Settlement
of 1968 and 1969 Years
1963
Washers
1,320.98
132.09
1,188.89
237.78
1966
Washers
2,262.91
2,262.91
452,58
1967
Washers
2,201.63
2,201.63
440.32
Totals
Depreciation
disallowed
Remaining basis of
items sold--Total
Sales price
Corrected loss on
sale
*15 Depreciation
Date
Per
Remaining
Acquired
Allowable Return
Basis
1964
$ 699.10
1964
511.96
$ 3,600
1965
316.47
1965
511.96
1958
1,000.00 Sold 1970
1960
500.00 Sold 1970
1965
776.68 Sold 1970
1962
128.83
260
1959
1961
22.50
1962
13.50
1963
54.00
125
1963
99.00
1964
36.00
300
1965
135.00
1964
225.00
1965
139.50
300
1968
Traded 1970
1970
594.32
860
1963
1,083.20 Sold 1970
1966
1,810.33 Sold 1970
1967
1,761.31 Sold 1970
$ 3,487.14
$ 5,445
1,957.86
$ 5,445.00
$ 5,445
$ 6,931.52
5,000.00
$ 1,931.52
At the trial petitioner offered in evidence as her computation of her loss on the sale of the laundromat a document on Form 1040X, "Amended U.S. Individual Income Tax Return," for 1970 to which she attached a Schedule C with respect to profit or loss from the coin laundry. On this Schedule C, among other deductions, she claimed under "6. Depreciation * * * See Attached" an amount of $ 16,778.24, and a loss was claimed on the Schedule C of $ 13,512.66. The document attached to this Form 1040X which was entitled "Amended Profit & Loss Figures for 1970" *16 shows the following: AMENDED PROFIT & LOSS FIGURES FOR 1970 Depreciations and Salvage left on Laundry Equipment when Sold June 1970 1. Salvage Value on Washers Purchased in
1958
$ 1,000.00
2. Salvage Value on Washers Purchased in
1960
500.00
3. Depreciations on Washers purchased in
1958 and 1960, 1961, and 1962, no de-
preciation was allowed for these years
as if returns were accepted as filed,
I had $ 10,000 losses for these years
which were never applied to 1963, 1964,
or 1965 taxes. The depreciations for
1960, 61, and 62 come to
6,209.55
4. Salvage Value on Washers purchased in
1965, plus balance left to depreciate
775.65
5. Air Conditioner purchased in 1960.
Nothing was ever allowed in deprecia-
tion, entire amount
3,060.65
6. Washers purchased in 1963, the only de-
preciation that I was given on these
were by Intelligence Agent, Mr. Morello
of the Internal Revenue for 1968 and
1969, the balance to depreciate
1,215.30
7. Washers purchased in 1966, only years
depreciated was same as #6, 1968 and
1969 by a Mr. Morello. Balance
2,036.63
8. Washers purchased in 1967 only years
allowed same as #6, 1968 and 1969
by Mr. Morello. Balance
1,980.47
Total Amount left in depreciations and
Salvage according to Internal Revenue
Figures
$ 16,778.24
*17 Profit & Loss for 1970
Losses
Profits
Medical Expenses
$ 875.79
Supply House
$ 12,263.88
Courier Journal Ads
494.08
Rent
2,031.98
Rental Loss
793.93
Car Wash
886.33
Dep. on Furniture
135.00
$ 15,182.19
Additional Repairs
101.73
Contributions
1,545.00
Occ. Tax
192.54
Ky. Tax
93.61
Sales Tax
200.00
Attorney Fees
215.00
Taxes on Car
271.90
Property Taxes
Furniture
18.00
$ 18,709.24
Profits
15,182.19
Loss on 1970 Taxes
$ 3,527.05
without $ 1,250 for
dependents
Carry loss back to 1967 Taxes.
In addition, there was attached to this Form 1040X a statement reading in part as follows: Drugs $ 141.79 Other Medical Expenses $ 734.00. I have all bills to verify these expenses. Car Wash and Supply House Profit and Loss statements were not refigured as they remained the same. The amounts in Question in my 1970 taxes were the Coin Laundry Salvage and Depreciations left plus the Air Conditioner which I have proof that was never allowed. I have bills of purchase, cost of building, and cost of all equipment. These were all sent to the local office, but they did not return but 1/2 of them. I have proof they received them. *18 Do they have proof they returned them. If you wish me to make over the Car Wash, Supply House, and Rental property I will do so, but as far as I know they were correct and remained the same. In approximately June of 1960 petitioner purchased a free-standing air conditioner for her coin laundry business at a total cost of $ 3,060.65. The air conditioner was a part of the coin laundry equipment which petitioner sold in June 1960. The air conditioner was delivered and placed in the building some time in the early part of September 1960. After the air conditioner was placed in the building in which the coin laundry was operated, certain adjustments needed to be made to it. These adjustments were made, but because of the season of the year the air conditioner was not used much, if at all, until approximately May of 1961. In the notice of deficiency, in computing petitioner's depreciation allowable for the calendar year 1970, respondent did not include either in the cost of coin laundry equipment or separately the cost of petitioner's air conditioner acquired in September 1960. No depreciation was allowed on the air conditioner for the year 1970 in computing petitioner's taxable income *19 for that year in the notice of deficiency, and no amount of basis or salvage value of this air conditioner was included in the basis of petitioner's assets in computing her loss on the sale of the coin laundry in 1970. The air conditioner had a 10-year useful life at the time it was acquired in 1960 and its salvage value was 10 percent of its cost. ULTIMATE FINDINGS OF FACT Petitioner is entitled to deduct depreciation on the air conditioner for the months of 1970 prior to the date of the sale of the coin laundry based on a 10-year useful life of the air conditioner at the time it was put into service in September 1960, with depreciation being computed as allowed or allowable for 4 months of the year 1960 and the full years 1961 through 1969, and is entitled in the computation of the loss on the sale of the coin laundry to include in the basis of the assets sold the $ 306.07 salvage value of the air conditioner plus any undepreciated basis of the air conditioner for the months following June 1970. OPINION At the trial petitioner offered no factual evidence with respect to any items of adjustments to her income made in the notice of deficiency except with respect to the air *20 conditioner which she purchased in 1960. Much of her testimony dealt with her belief that her taxes for 1963 through 1967 or 1968 had not been correctly determined and that some adjustment should be allowed for errors in determining her taxes for these years. Petitioner testified that she started depreciating the air conditioner in 1961 but "they [apparently referring to employees of respondent] took all those records out -- they disregarded all of my '60, '61, '62, '63, '64, '65 -- they disregarded all my figures as not correct." Although the evidence is not completely clear, we conclude from the documents that petitioner introduced, and her testimony, that in respondent's computation in the notice of deficiency she was not allowed depreciation on the air conditioner for the months of the year 1970 prior to the date of the sale of her coin laundry or any remaining basis of the air conditioner in computing the loss on this sale. Petitioner introduced no evidence to substantiate her contention that she had not in fact been allowed depreciation on the air conditioner in years prior to 1970. However, since *21 the basis of purchased property sold is computed ordinarily by deducting from its cost depreciation allowed or allowable in prior years, petitioner would not be entitled to take as the basis of this air conditioner as of the date of the sale its entire cost even if she had in fact established that in the computation of her taxes for prior years depreciation had not been actually allowed to her on the air conditioner. As petitioner testified at the trial and stated in several of her returns, her income tax liabilities for prior years have been the subject of substantial litigation. See Schrader v. Commissioner,420 F. 2d 443 (6th Cir. 1970), affirming in part and remanding for recomputation in accordance with certain concessions of respondent a Memorandum Opinion of this Court. [2] See also Schrader v. United States, an unreported case ( W.D. Ky. 1972, 31 AFTR 2d 73-1101, 73-1 USTC par. 9286), involving the years 1966 and 1967, affirmed per curiam Schrader v. Commissioner,477 F. 2d 600 (6th Cir. 1973). In its memorandum opinion and order in Schrader v. United States,supra,the District Court granted a refund to petitioner *22 of the entire income and self-employment taxes which she had paid in the year 1966 pursuant to a concession of the Government and disallowed her refund claimed for the year 1967 based both on the merits of her contention and the untimeliness of the claim filed. In its memorandum opinion the District Court stated as follows: As to the year 1968, it appears that the existing controversy was settled by a stipulation made and entered into by and between the parties; and a decision was accordingly entered that the plaintiff owed additional taxes in the amount of $ 192.26 for 1968 and that she was entitled to a refund in the amount of $ 673.74 for the year 1969. Based on these facts, plaintiff is entitled to a judgment for $ 673.74 on her claim for refund for the year 1969. The Court has no jurisdiction over 1968 by virtue of the provisions of Section 6512 of the Internal Revenue Code. Finally, as to the tax year 1970, it appears that the plaintiff has filed an income tax return but has not paid any taxes for the year 1970; and, although the plaintiff seeks to invoke the Court's jurisdiction for this year, it is apparent that the Court is without jurisdiction *23 to make any determination pertaining to this year inasmuch as no taxes have been paid. See Section 7422 of the Internal Revenue Code. See also Schrader v. Internal Revenue Service, an unreported case ( W.D. Ky. 1973, 32 AFTR 2d 73-5557, 73-2 USTC par. 9576), in which the court dismissed petitioner's suit under the principle of res judicata and in its opinion and order made the following statement: This case is before the Court on the Defendant's Motion to Dismiss on the grounds of lack of jurisdiction and of res judicata. This present action is apparently Mrs. Schrader's third attempt to litigate some issues about her 1970 income tax. Her previous cases, Civil Actions Nos. 7222-B and 7509-B, resulted in judgments *24 dismissing all claims with respect to the tax year 1970. No. 7222-B was decided on November 14, 1972 [73-1 USTC [*] 9286], and No. 7509-B was decided on April 6, 1973 [not reported]. In addition, No. 7222-B was affirmed by the 6th Circuit Court of Appeals on May 17, 1973 [73-2 USTC [*] 9532]. In the opinion of the 6th Circuit, Mrs. Schrader's claims for 1970 are "unsubstantial." If in fact petitioner was not allowed depreciation on the air conditioner in years prior to 1970, which the record does not show to be a fact, [3] this error is not properly correctible by allowing the depreciation for these prior years in the year 1970. Finally, petitioner contends that in any event depreciation on the air conditioner was not allowable until the year 1961 since it was not installed early enough in 1960 to be effectively useful in that year or prior to May of 1961. On the *25 facts here present we hold that depreciation on the air conditioner was properly allowable for the last 4 months of 1960 even though, because of weather conditions following the time of the installation of the air conditioner in September 1960, petitioner did not actually commence operating the air conditioner to cool her laundromat until approximately May of 1961. See William E. Clairmont,64 T.C. 1130 (1975). In her petition, petitioner apparently raises issues other than the amount of allowable depreciation on the air conditioner and the remaining basis of the air conditioner when it was sold in 1970. Petitioner appears to have abandoned these other issues at the trial. If she has not abandoned all issues raised in the petition other than the depreciation allowable on the air conditioner and its remaining basis when it was sold, we decide those issues which she has not abandoned against petitioner for failure of proof. Decision will be entered under Rule 155.
Footnotes
1. The date following petitioner's signature on this return is 1-7-70, but at the trial the parties agreed that this date was in error and should have been 1-7-71.↩
2. See Erma M. Schrader,T. C. Memo. 1968-224, involving petitioner's income taxes for the years 1960 through 1965 but determining deficiencies only for the taxable years 1963, 1964, and 1965 with the explanation: "Respondent has conceded the additions to tax under section 6653(b) [I.R.C. 1954↩] and, as a result, the deficiencies for the taxable years 1960, 1961, and 1962. * * *"
3. Apparently, according to petitioner's testimony she took deductions for depreciation on the air conditioner for the year 1961 and the following year. Also, apparently no change was made in her tax as reported for 1961 and 1962 because of the bar of the statute of limitations.↩