983 F.2d 1087
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Erma M. SCHRADER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5123.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1992.
 
 Before PAULINE NEWMAN, MICHEL and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Erma M. Schrader appeals from the United States Claims Court's sua sponte dismissal of her complaint for lack of jurisdiction. We affirm.
 
 
 2
 In 1971, the Commissioner of the Internal Revenue Service levied on Ms. Schrader's bank account to collect back taxes in the amount of $12,067.94 owed by Ms. Schrader and her husband (now deceased) for tax years 1963 through 1965.[1]
 
 
 3
 On November 27, 1972, the United States District Court for the Western District of Kentucky ordered that a tax refund be paid to Ms. Schrader for the tax years 1966 and 1969 in the amount of $3,554.08.[2] In connection with this action, on June 11, 1977, the district court finally awarded Ms. Schrader costs of $33 against the United States.
 
 
 4
 On March 31, 1992, Ms. Schrader instituted this suit in the United States Claims Court, seeking (i) a refund of the money taken in 1971 from her bank account to satisfy her back-tax obligations for 1963 through 1965; (ii) $200 plus interest, allegedly owed to her as part of the district court's November 27, 1972 tax refund award; and (iii) her costs for the litigation arising out of the district court's 1972 judgment.[3] On March 31, 1992, the Claims Court sua sponte dismissed Ms. Schrader's complaint for lack of subject matter jurisdiction, holding that the complaint was time-barred by the court's six-year statute of limitations. Ms. Schrader timely appealed to this court.
 
 
 5
 The statute of limitations for any claim filed within the Claims Court is "six years after such claim first accrues." 28 U.S.C. § 2501 (1988). A claim first accrues, and thereby triggers the statute of limitations, " 'when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.' " Hart v. United States, 910 F.2d 815, 817 (Fed.Cir.1990) (quoting Kinsey v. United States, 852 F.2d 556, 557 (Fed.Cir.1988)). Since all of Ms. Schrader's claims accrued prior to March 31, 1986 (i.e., six years before the complaint was filed), the statutory time bar applies. The decision of the Claims Court to dismiss for lack of jurisdiction is therefore affirmed.
 
 Costs
 
 6
 No costs.
 
 
 
 [1]
 The merits of this action were fully adjudicated prior to the Commissioner's levy. See Schrader v. Commissioner, 37 Tax Ct.Mem.Dec. (P-H) p 68,224 (1968), aff'd-in-part, remanded-in-part, 420 F.2d 443 (6th Cir.1970)
 
 
 [2]
 The merits of this matter were also fully litigated. See Schrader v. United States, 31 A.F.T.R.2d (P-H) p 73-573 (W.D.Ky.1972), aff'd sub nom. Schrader v. Commissioner, 477 F.2d 600 (6th Cir.) (table), cert. denied, 414 U.S. 1042 (1973)
 
 
 [3]
 As is clear from footnote 2, the litigation culminated in 1973 upon the U.S. Supreme Court's denial of certiorari